EXHIBIT 1

**THE WAND LAW FIRM, P.C.**
Aubry Wand (SBN 281207)
100 Oceangate, Suite 1200
Long Beach, CA 90802
Telephone: (310) 590-4503
Email: awand@wandlawfirm.com

**FARUQI & FARUQI, LLP**
Lisa T. Omoto (SBN 303830)
1901 Avenue of the Stars, Suite 1060
Los Angeles, CA 90067
Telephone: (424) 256-2884
Email: lomoto@faruqilaw.com

*Attorneys for Plaintiff and the Putative Classes*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

SISSY MCCONNON, on behalf of herself and all others similarly situated,

      Plaintiff,

    v.

THE KROGER CO., a corporation; and DOES 1 through 10, inclusive,

      Defendant.

CASE NO.: 24STCV04525

**CLASS ACTION COMPLAINT**

1. Violation of California False Advertising Law
2. Violation of California Unfair Competition Law
3. Violation of California Consumers Legal Remedies Act
4. Breach of Express Warranty (Cal. Com. Code § 2313)
5. Breach of Implied Warranty (Cal. Com. Code § 2314)
6. Intentional Misrepresentation

**DEMAND FOR JURY TRIAL**

Electronically FILED by
Superior Court of California,
County of Los Angeles
2/23/2024 11:48 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Covarrubias, Deputy Clerk

CLASS ACTION COMPLAINT

Plaintiff Sissy McConnon ("Plaintiff"), on behalf of herself and all others similarly situated, brings this class action against Defendant The Kroger Co. ("Kroger" or "Defendant"), and Does 1 through 10, based on Kroger's false and deceptive advertising and labeling regarding its Private Selection Avocado Oil Products. Plaintiff makes the following allegations based on the investigation of her counsel, and on information and belief, except as to allegations pertaining to Plaintiff individually, which are based on her personal knowledge.

## INTRODUCTION

1.     During the statute of limitations period, Kroger has marketed, labeled, advertised, and sold its Private Selection Avocado Oil (the "Class Products") to consumers with packaging that has prominently represented that it is avocado oil.

2.     The packaging of the Class Products unequivocally states that the oil is "Avocado Oil" (the "*Avocado Oil Representation*").

3.     Reasonable consumers take the *Avocado Oil Representation* at face value—i.e., the Class Products are pure avocado oil. However, unbeknownst to consumers, the Class Products are adulterated with other oils.

4.     Plaintiff seeks relief in this action individually, and on behalf of all other similarly situated individuals who purchased the falsely and deceptively labeled Class Products during the statute of limitations period, for violations of California's False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.*, California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*, California's Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.*, breach of express and implied warranty (Cal. Com. Code §§ 2313-2314), and intentional misrepresentation (i.e., common law fraud).

## JURISDICTION AND VENUE

5.     This Court has personal jurisdiction over Kroger because Kroger has sufficient minimum contacts in California, or otherwise intentionally avails itself of the markets within California, through its sale of the goods and Class Products in California, including in this County.

///

///

6.      Venue is proper in this County pursuant to Cal. Civ. Proc. Code § 395, *et seq.* and Cal. Civ. Code § 1780(d). Kroger regularly conducts business throughout this County. Plaintiff resides in this County, and she purchased Class Products in this County within the statute of limitations period.

**PLAINTIFF**

7.      Plaintiff is a citizen and resident of the United States and the State of California. She currently resides in Van Nuys, California.

8.      In or around August 2023, Plaintiff purchased a 1 liter bottle of Kroger's Private Selection Avocado Oil at a Ralphs store in Van Nuys and at a Ralphs store in Sherman Oaks, California for which she recalls paying approximately $20 for each bottle. Plaintiff reasonably believed, based on the *Avocado Oil Representation*, that the Class Products were pure avocado oil, and this belief was an important part of her decision to purchase them. Had Plaintiff known that the Class Products were adulterated avocado oil, she would not have purchased them, or she would have paid less for them. Thus, Plaintiff has suffered injury in fact and lost money as a result of Kroger's misleading, false, unfair, and deceptive practices, as alleged herein.

9.      Although Plaintiff currently believes that the Class Products are not pure avocado oil as represented, she cannot trust any of Kroger's representations, and she lacks personal knowledge as to the specific conditions under which Kroger sources, manufactures, and packages the Class Products. Therefore, even though Plaintiff would like to continue purchasing the Class Products if she knew that they are pure avocado oil, Plaintiff will for the time being refrain from doing so. This is a tangible and ongoing harm to Plaintiff.

10.      As a result of Kroger's unlawful business practices, and the harm caused to Plaintiff and Class members, Kroger should be required to pay for all damages and/or restitution to them. Monetary compensation alone is insufficient to remedy the ongoing harm that is being caused to Plaintiff. In addition, Class members are unaware of Kroger's deceptive conduct, and they will therefore continue purchasing the Class Products, reasonably but incorrectly believing that they are purchasing and consuming pure avocado oil, resulting in a continuing harm to them as well. As

such, injunctive relief requiring Kroger to cease its false and deceptive labeling practices with respect to the Class Products is necessary and appropriate.

## DEFENDANT

11. Kroger is an Ohio corporation with its headquarters and principal place of business in Cincinnati, Ohio. Kroger is one of the largest grocery retailers in the United States.

12. Kroger has labeled, advertised, distributed, and sold the Class Product for sale at its Ralphs, Food 4 Less, and Foods Co. retail stores and via its ecommerce website, in California, during the statute of limitations period under its private label brand "Private Selection."

13. According to its Annual Report on form 10-K for the fiscal year ended January 28, 2023 , Private Selection is Kroger's "main premium quality brand."[1]

14. The true names and capacities of Does 1 through 10, inclusive, are unknown to Plaintiff at this time, and Plaintiff therefore sues such Doe defendants under fictitious names. On information and belief, each defendant designated as a Doe is in some manner highly responsible for the occurrences alleged herein, and Plaintiff's and Class members' injuries and damages, as alleged herein, were proximately caused by the conduct of such Doe defendants. Plaintiff will seek leave of the Court to amend this Complaint to allege the true names and capacities of such Doe defendants when ascertained.

## FACTUAL ALLEGATIONS

A.     **The *Avocado Oil Representation* is False and Deceptive**

15. The Class Products are sold in various sizes (e.g. 17 fl. oz., 1 liter, 2 liters), but the *Avocado Oil Representation* is prominently displayed in the same manner on all Class Products, as depicted in the following representative images:

---

[1]https://www.sec.gov/ixviewer/ix.html?doc=/Archives/edgar/data/56873/000155837023004767/kr-20230128x10k.htm (last accessed February 20, 2024).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





15

16.     As can be seen from the above images, the *Avocado Oil Representation* conveys the unequivocal message that the Class Products are pure avocado oil.

17.     This message is reinforced by the ingredient list on the Class Products' back label, which lists "avocado oil" as the only ingredient.

18.     Nor does Kroger disclose anywhere that the Class Products are adulterated with other oils. Thus, consumers reasonably believe the Class Products are pure avocado oil. But this belief is mistaken. Based on Plaintiff's investigation, which includes testing and analysis of the Class Products performed by third party laboratories, the fatty acid and sterol profiles of the Class Products show that the Class Products are not pure avocado oil and are in fact adulterated. Thus, the claim is false and misleading.

**C.      The *Avocado Oil Representation* is Material**

19.     The *Avocado Oil Representation* is material—i.e., it is important to consumers with respect to their decision to purchase the Class Products. [2]

20.     Avocado oil is well-known to be one of the healthiest cooking oils. For example, studies have indicated that compounds in avocado oil may help protect the liver, lower blood pressure, LDL cholesterol, as well as reduce osteoarthritis-related joint pain, post-meal blood sugar, and total cholesterol levels.[3] It is also high in monounsaturated fat, which is considered more heart healthy than saturated fat while being slightly more stable than the polyunsaturated fats typically found in vegetable oils.[4] Avocado oil is also a high demand cooking oil because it has the highest smoke point of all plant-based cooking oils.[5]

---

[2] For instance, a 17 fl. oz. bottle of the Class Product costs $10.29, or $0.60 per fluid ounce. By contrast, a 48 fl. oz. bottle of Kroger Pure Canola Oil costs $4.49, or $0.09 per fluid ounce. Similarly, a 48 fl. oz. bottle of Kroger Pure Vegetable Oil costs $3.99, or $0.08 per fluid ounce.

[3] https://www.healthline.com/nutrition/9-avocado-oil-benefits#TOC_TITLE_HDR_4 (last visited on February 20, 2024).

[4] https://www.masterclass.com/articles/what-is-avocado-oil-a-guide-to-cooking-with-avocado-oil (last visited on February 20, 2024).

[5] *Id.*

21.     Regardless of whether consumers believe avocado oil is superior to other oils, the issue of whether the Avocado oil is pure or is adulterated is material to reasonable consumers because consumers of the Class Products reasonably expect to know what type of oil they are consuming.

22.     Consumers purchased, and continue to purchase, the Class Products in part because the *Avocado Oil Representation* conveys the unequivocal message that it is pure avocado oil. Plaintiff and Class members would have paid less for the Class Products, or would not have purchased them at all, but for the *Avocado Oil Representation*. Therefore, Plaintiff and Class members have suffered a financial injury in the form of paying a price premium that the Class Products commanded in the market as a result of Kroger's representations that the Class Products are pure avocado oil.

## **CLASS ACTION ALLEGATIONS**

23.     Plaintiff brings this class action pursuant to Cal. Civ. Proc. Code § 382, and all other applicable laws and rules, individually, and on behalf of all members of the following Classes:

**California Class**

All natural persons who purchased at least one of the Class Products in the State of California within the applicable statute of limitations period.

**California Consumer Subclass**

All natural persons who purchased at least one of the Class Products in the State of California, for personal, family, or household purposes, within the applicable statute of limitations period.

24.     Excluded from the Classes are the following individuals and/or entities: Kroger and its parents, subsidiaries, affiliates, officers and directors, current or former employees, and any entity in which Kroger has a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

25.     Plaintiff reserves the right to modify or amend the definition of the proposed Classes and/or add subclasses before the Court determines whether class certification is appropriate.

26.     Plaintiff is a member of both classes.

27.     <u>Numerosity:</u> The proposed Classes are so numerous that joinder of all members would be impractical. The Class Products are sold throughout the United States and the State of California. The number of individuals who purchased Class Product during the relevant time period is at least in the hundreds. Accordingly, Class members are so numerous that their individual joinder herein is impractical. While the precise number of Class members and their identities are unknown to Plaintiff at this time, these Class members are identifiable and ascertainable.

28.     <u>Common Questions Predominate:</u> There are questions of law and fact common to the proposed Classes that will drive the resolution of this action and will predominate over questions affecting only individual Class members. These questions include, but are not limited to, the following:

a.  Whether Kroger misrepresented material facts and/or failed to disclose material facts in connection with the packaging, marketing, distribution, and sale of the Class Products;

b.  Whether Kroger's use of the challenged packaging, i.e., the *Avocado Oil Representation*, constituted false or deceptive advertising;

c.  Whether Kroger engaged in unfair, unlawful and/or fraudulent business practices;

d.  Whether Kroger's unlawful conduct, as alleged herein, was intentional and knowing;

e.  Whether Plaintiff and the Classes are entitled to damages and/or restitution, and if so, in what amount;

f.  Whether Plaintiff and the Classes are entitled to an injunctive relief;

g.  Whether Plaintiff and the Classes are entitled to punitive damages, and if so, in what amount; and

h.  Whether Plaintiff and the Classes are entitled to an award of reasonable attorneys' fees, interest, and costs of suit.

29.     Kroger has engaged in a common course of conduct giving rise to violations of the legal rights sought to be enforced uniformly by Plaintiff on behalf of the proposed Classes. Similar

18

1  or identical statutory and common law violations, business practices, and injuries are involved. The

2  injuries sustained by members of the proposed Classes flow, in each instance, from a common

3  nucleus of operative fact, namely, Kroger's deceptive packaging and advertising of the Class

4  Products. Each instance of harm suffered by Plaintiff and Class members has directly resulted from

5  a single course of unlawful conduct. Each Class member has been exposed to the same deceptive

6  practice, as the packaging of Class Products: (a) bears the same material *Avocado Oil*

7  *Representation*, and (b) the Class Products do not meet this representation of fact. Therefore,

8  individual questions, if any, pale in comparison to the numerous common questions presented in

9  this action.

10       30.    <u>Superiority</u>: Because of the relatively small damages at issue for each individual

11  Class member, no Class member could afford to seek legal redress on an individual basis.

12  Furthermore, individualized litigation increases the delay and expense to all parties and multiplies

13  the burden on the judicial system presented by the complex legal and factual issues of this case.

14  Individualized litigation also presents a potential for inconsistent or contradictory judgments. A

15  class action is superior to any alternative means of prosecution.

16       31.    <u>Typicality</u>: The representative Plaintiff's claims are typical of those of the proposed

17  Classes, as all members of the proposed Classes are similarly affected by Kroger's uniform unlawful

18  conduct as alleged herein.

19       32.    <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of the proposed

20  Classes as her interests do not conflict with the interests of the members of the proposed Classes she

21  seeks to represent, and she has retained counsel competent and experienced in similar class action

22  litigation. The interests of the members of the Classes will be fairly and adequately protected by the

23  Plaintiff and her counsel.

24       33.    Kroger has also acted, or failed to act, on grounds generally applicable to Plaintiff

25  and the proposed Classes, supporting the imposition of uniform relief to ensure compatible standards

26  of conduct toward the members of the Classes.

27  ///

28  ///

**FIRST CLAIM FOR RELIEF**
**Violation of California's False Advertising Law**
**California Business & Professions Code § 17500**, *et seq*
(***For the Classes***)

34.     Plaintiff repeats the allegations contained in paragraphs 1-33 above as if fully set forth herein and, to the extent necessary, pleads this cause of action in the alternative.

35.     Plaintiff brings this claim individually and on behalf of the members of the proposed Classes against Kroger pursuant to California's False Adverting Law ("FAL"), Cal. Bus. & Prof. Code § 17500, *et seq.*

36.     The FAL makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public . . . in any advertising device . . . or in any other manner or means whatever, including over the Internet, any statement, concerning . . . personal property or services professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500.

37.     Kroger has represented and continues to represent to the public, including Plaintiff and members of the proposed Classes, through its deceptive packaging, that the Class Products are pure avocado oil. Because Kroger has disseminated misleading information regarding the Class Products, and Kroger knows, knew, or should have known, through the exercise of reasonable care, that the *Avocado Oil Representation* is misleading, Kroger has violated the FAL.

38.     As a result of Kroger's false advertising, Kroger has and continues to unlawfully obtain money from Plaintiff and members of both Classes. Plaintiff therefore requests that the Court cause Kroger to restore this fraudulently obtained money to her and members of the proposed Classes, to disgorge the profits Kroger made on these transactions, and to enjoin Kroger from violating the FAL or violating it in the same fashion in the future as discussed herein. Otherwise, Plaintiff and members of the proposed Classes may be irreparably harmed and/or denied an effective and complete remedy.

39.     Plaintiff and members of the proposed Classes have no adequate remedy at law and are therefore entitled to restitution, disgorgement, and/or the imposition of a constructive trust to

recover the amount of Defendant's ill-gotten gains, and/or other sums as may be just and equitable.

## SECOND CLAIM FOR RELIEF
### Violation of California's Unfair Competition Law ("UCL"),
### California Business & Professions Code § 17200, *et seq.*
### (*For the Classes*)

40.     Plaintiff repeats the allegations contained in paragraphs 1-33 above as if fully set forth herein and, to the extent necessary, pleads this cause of action in the alternative.

41.     Plaintiff brings this claim individually and on behalf of the members of the proposed Classes against Kroger.

42.     The UCL, Cal. Bus. & Prof Code § 17200, provides, in pertinent part, that "unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising . . . ".

43.     Under the UCL, a business act or practice is "unlawful" if it violates any established state or federal law. Kroger's false and misleading advertising of Class Products was and continues to be "unlawful" because it violates, *inter alia*, the CLRA and the FAL, as alleged herein. As a result of Kroger's unlawful business acts and practices, Kroger has unlawfully obtained money from Plaintiff, and members of the proposed Classes.

44.     Under the UCL, a business act or practice is "unfair" if the Kroger's conduct offends an established public policy, or is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers, as the benefits for committing such acts or practices are outweighed by the gravity of the harm to the alleged victims. Kroger's conduct was and continues to be of no benefit to purchasers of the Class Products, as it is misleading, unfair, unlawful, and is injurious to consumers who rely on the packaging. Deceiving consumers into believing the Class Products are pure avocado oil, when they are not, is of no benefit to consumers. Therefore, Kroger's conduct was and continues to be "unfair." As a result of Kroger's unfair business acts and practices, Kroger has and continues to unfairly obtain money from Plaintiff, and members of the proposed Classes.

45.     Under the UCL, a business act or practice is "fraudulent" if it actually deceives or is likely to deceive members of the consuming public. Kroger's conduct was and continues to be fraudulent because it has the effect of deceiving consumers into believing Class Products are pure

avocado oil. Because Kroger misled Plaintiff and members of both Classes, Kroger's conduct was "fraudulent." As a result of Kroger's fraudulent business acts and practices, Kroger has and continues to fraudulently obtain money from Plaintiff and members of the proposed Classes.

46.     Plaintiff requests that the Court cause Kroger to restore this unlawfully, unfairly, and fraudulently obtained money to her, and members of the proposed Classes, to disgorge the profits Kroger made on these transactions, and to enjoin Kroger from violating the UCL or violating it in the same fashion in the future as discussed herein. Otherwise, Plaintiff and members of the proposed Classes may be irreparably harmed and/or denied an effective and complete remedy.

47.     Plaintiff and members of the proposed Classes have no adequate remedy at law and are therefore entitled to restitution, disgorgement, and/or the imposition of a constructive trust to recover the amount of Defendant's ill-gotten gains, and/or other sums as may be just and equitable.

### THIRD CLAIM FOR RELIEF
**Violation of California's Consumers Legal Remedies Act**
**California Civil Code § 1750, *et seq*.**
(***For the California Consumer Subclass***)

48.     Plaintiff repeats the allegations contained in paragraphs 1-33 above as if fully set forth herein and, to the extent necessary, pleads this cause of action in the alternative.

49.     Plaintiff brings this claim individually and on behalf of the members of the proposed California Consumer Subclass against Kroger pursuant to California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq.*

50.     The Class Products are a "good" within the meaning of Cal. Civ. Code § 1761(a), and the purchases of the Class Product by Plaintiff and members of the California Consumer Subclass constitute "transactions" within the meaning of Cal. Civ. Code § 1761(e).

51.     Cal. Civ. Code § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have…" By marketing the Class Products with its current packaging, Kroger has represented and continues to represent that the Class Products have characteristics (i.e., it is pure avocado oil) that it does not have. Therefore, Kroger has violated section 1770(a)(5) of the CLRA.

52.     Cal. Civ. Code § 1770(a)(7) prohibits "[r]espresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another." By marketing the Class Products with their current packaging, Kroger has represented and continues to represent that the Class Products are of a particular standard, quality, or grade (i.e., it is pure avocado oil) which they do not possess. Therefore, Kroger has violated section 1770(a)(7) of the CLRA.

53.     Cal. Civ. Code § 1770(a)(9) prohibits "[a]dvertising goods or services with intent not to sell them as advertised." By marketing the Class Products as pure avocado oil, but not intending to sell Class Products as such (i.e., selling it with the knowledge that it is adulterated), Kroger has violated section 1770(a)(9) of the CLRA.

54.     At all relevant times, Kroger has known or reasonably should have known that its *Avocado Oil Representation* on the Class Product's packaging is false and deceptive, and that Plaintiff and other members of the California Consumer Subclass would reasonably and justifiably rely on it when purchasing the Class Products. Nonetheless, Kroger persisted in making the *Avocado Oil Representation* on the Class Products' labels to deceive consumers into believing they are buying and consuming pure avocado oil when they are not.

55.     Plaintiff and members of the California Consumer Subclass have justifiably relied on Kroger's misleading *Avocado Oil Representation* when purchasing the Class Products. Moreover, based on the materiality of Kroger's misleading and deceptive conduct, reliance may be presumed or inferred for Plaintiff and members of California Consumer Subclass.

56.     Plaintiff and members of the California Consumer Subclass have suffered and continue to suffer injuries caused by Kroger because they would have paid less for the Class Products, or would not have purchased them at all, had they known that the *Avocado Oil Representation* was untrue.

57.     In accordance with Cal. Civ. Code § 1780(d), Plaintiff is filing a declaration of venue, attached as **Exhibit A** to this Complaint.

58.     On October 9, 2023, Plaintiff, by and through her counsel, sent a notice and demand letter by certified mail to Kroger of her intent to pursue claims under the CLRA, and an opportunity

23

1    to cure, consistent with Cal. Civ. Code § 1782. Kroger received this notice and demand letter on

2    October 13, 2023, but has done nothing to rectify the unlawful conduct described herein.

3         59.     Because Kroger has failed to fully rectify or remedy the damages caused after waiting

4    more than the statutorily required 30 days after Kroger received the foregoing notice and demand

5    letter, Plaintiff is timely filing this Complaint for damages as permitted under Cal. Civ. Code §

6    1782(d). Plaintiff also requests an award of actual and punitive damages, attorneys' fees and costs,

7    and any other relief that the Court deems proper, pursuant to Cal. Civ. Code § 1780(a).

8         60.     Plaintiff and members of the proposed Classes have no adequate remedy at law and

9    are therefore entitled to restitution, disgorgement, and/or the imposition of a constructive trust to

10   recover the amount of Defendant's ill-gotten gains, and/or other sums as may be just and equitable.

### FOURTH CLAIM FOR RELIEF
**Breach of Express Warranty**
**California Commercial Code § 2313**
(***For the Classes***)

14        61.     Plaintiff repeats the allegations contained in paragraphs 1-33 above as if fully set

15   forth herein and, to the extent necessary, pleads this cause of action in the alternative.

16        62.     Plaintiff brings this claim individually and on behalf of the members of the proposed

17   Classes against Kroger.

18        63.     California's express warranty statute provides that "(a) Any affirmation of fact or

19   promise made by the seller to the buyer which relates to the goods and becomes part of the basis of

20   the bargain creates an express warranty that the goods shall conform to the affirmation or promise,"

21   and "(b) Any description of the goods which is made part of the basis of the bargain creates an

22   express warranty that the goods shall conform to the description." Cal. Com. Code § 2313.

23        64.     Kroger has expressly warranted on the Class Products' packaging that they are pure

24   avocado oil through the *Avocado Oil Representation*.

25        65.     This representation about the Class Products is: (a) an affirmation of fact or promise

26   made by Kroger to consumers that Class Products are pure avocado oil; (b) became part of the basis

27   of the bargain to purchase the Class Products when Plaintiff and other consumers relied on the

28   representation; and (c) created an express warranty that the Class Products would conform to the

affirmation of fact or promise. In the alternative, the representation about the Class Products is a description of goods which were made as part of the basis of the bargain to purchase the Class Products, and which created an express warranty that the Class Products would conform to the Class Products' description.

66.     Plaintiff and members of the Classes reasonably and justifiably relied on the foregoing express warranties, believing that the Class Products did in fact conform to those warranties.

67.     Kroger has breached the express warranties made to Plaintiff and members of the proposed Classes by failing to produce the Class Products in accordance with the *Avocado Oil Representation*, as expressly warranted on the packaging.

68.     Plaintiff and members of the proposed Classes paid a premium price for the Class Products but did not obtain the full value of the Class Products as represented. If Plaintiff and members of the proposed Classes had known of the true nature of the Class Products, they would not have been willing to pay the premium price charged in the market, or would not have purchased them at all. As a result, Plaintiff and members of the Classes suffered injury and deserve to recover all damages afforded under the law.

69.     Within a reasonable amount of time after Plaintiff discovered that Kroger did in fact breach the express warranty, Plaintiff notified Kroger of the breach. *See supra* ¶ 58.

### FIFTH CLAIM FOR RELIEF
**Breach of Implied Warranty**
**California Commercial Code § 2314 (2)(f)**
(***For the Classes***)

70.     Plaintiff repeats the allegations contained in paragraphs 1-33 above as if fully set forth herein and, to the extent necessary, pleads this cause of action in the alternative.

71.     Plaintiff brings this claim individually and on behalf of the members of the proposed Classes against Kroger.

72.     California's implied warranty of merchantability statute provides that "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." Cal. Com. Code § 2314(1).

73.     California's implied warranty of merchantability statute also provides that "[g]oods to be merchantable must be at least such as . . . (f) [c]onform to the promises or affirmations of fact made on the container or label if any." Cal. Com. Code § 2314(2)(f).

74.     Kroger is a merchant with respect to the sale of the Class Products. Therefore, a warranty of merchantability is implied in every contract for sale of the Class Products to California consumers.

75.     By advertising the Class Products with its current packaging, Kroger made an implied promise that the Class Products are pure avocado oil. The Class Products do not, however, "conform to the promises…made on the container or label" because they are not pure avocado oil. Plaintiff, as well as consumers, did not receive the goods as impliedly warranted by Kroger to be merchantable.

76.     Therefore, the Class Products are not merchantable under California law and Kroger has breached its implied warranty of merchantability with respect to the Class Products.

77.     If Plaintiff and members of the Classes had known that the Class Products were not pure avocado oil, they would not have been willing to pay the premium price associated with them, or would not have purchased them at all. Therefore, as a direct and/or indirect result of Kroger's breach, Plaintiff and members of the Classes have suffered injury and deserve to recover all damages afforded under the law.

78.     Within a reasonable amount of time after Plaintiff discovered that Kroger did in fact breach the implied warranty, Plaintiff notified Kroger of the breach. *See supra* ¶ 58.

**SIXTH CLAIM FOR RELIEF**
**Intentional Misrepresentation**
**(*for the Classes*)**

79.     Plaintiff repeats the allegations contained in paragraphs 1-33 above as if fully set forth herein and, to the extent necessary, pleads this cause of action in the alternative.

80.     Plaintiff brings this claim individually and on behalf of the members of the proposed Classes against Kroger.

81.     Kroger marketed the Class Products in a manner indicating that it is pure avocado oil. Therefore, Kroger has made misrepresentations about the Class Products.

82.     The *Avocado Oil Representation* is material to a reasonable consumer because it relates to the quality and composition of the Class Products. A reasonable consumer attaches importance to such representations and is induced to act thereon in making purchasing decisions with respect to oil that is consumed—i.e., used for cooking or consumed raw.

83.     At all relevant times, Kroger knew that the *Avocado Oil Representation* was misleading. Kroger intends for Plaintiff and other consumers to rely on the *Avocado Oil Representation*, as evidenced by Kroger intentionally and conspicuously placing it on the packaging of the Class Products. In the alternative, Kroger acted recklessly in making the *Avocado Oil Representation* without regard to the truth.

84.     Plaintiff and members of the proposed Classes have reasonably and justifiably relied on Kroger's intentional misrepresentations (i.e., the *Avocado Oil Representation*) when purchasing the Class Products, and had the correct facts been known, would not have purchased them at the prices at which they were sold in the market.

85.     Therefore, as a direct and proximate result of Kroger's intentional misrepresentations, Plaintiff and members of the Classes have suffered economic losses and other general and specific damages, including but not limited to the amounts paid for the Class Products, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the proposed Classes, respectfully prays for following relief:

A.      Certification of this case as a class action on behalf of the Classes defined above, appointment of Plaintiff as Class representative, and appointment of her counsel as Class counsel;

B.      A declaration that Kroger's actions, as described herein, violate the laws described herein;

C.      An award to Plaintiff and the proposed Classes of restitution and/or other equitable relief, including, without limitation, restitutionary disgorgement of all profits and unjust enrichment that Kroger obtained from Plaintiff and the proposed Classes as a result of its unlawful, unfair and fraudulent business practices described herein;

D.      An award of injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and the Class members, including, *inter alia*, an order prohibiting Kroger from engaging in the unlawful acts described above;

E.      An award of all economic, monetary, actual, consequential, and compensatory damages caused by Kroger's conduct;

F.      An award of punitive damages;

G.      An award of nominal damages;

H       An award to Plaintiff and her counsel of reasonable expenses and attorneys' fees;

I.      An award to Plaintiff and the proposed Classes of pre and post-judgment interest, to the extent allowable; and

J.      For such further relief that the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of herself and the proposed Classes, hereby demands a jury trial with respect to all issues triable of right by jury.

DATED: February 23, 2024                    **THE WAND LAW FIRM, P.C.**

By: _____
     Aubry Wand

**FARUQI & FARUQI, LLP**
Lisa T. Omoto

*Attorneys for Plaintiff and the Putative Classes*

# EXHIBIT A

### CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)

I, Sissy McConnon, declare as follows:

1.      I am a Plaintiff in this action and a citizen of the State of California. I have personal knowledge of the facts stated herein and, if called as a witness, I could testify competently thereto.

2.      This Class Action Complaint is filed in the proper place of trial because the transaction giving rise to my claims, i.e., my purchase of the products at issue, occurred in this district.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, executed on _____ at Van Nuys, California.

2/22/2024 | 10:10 PM PST

DocuSigned by:

E9531E0FCCF5466...

Sissy McConnon

**CLRA Venue Declaration of Sissy McConnon**