DAVIS WRIGHT TREMAINE LLP
Jacob M. Harper (SBN 259463)
   *jacobharper@dwt.com*
Heather F. Canner (SBN 292837)
   *heathercanner@dwt.com*
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

*Counsel for Defendant*
*The Kroger Co.*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| SISSY MCCONNON, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE KROGER CO., a corporation; and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No. 2:24-cv-02601-SB-E<br><br>**DEFENDANT THE KROGER CO.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**[*Proposed Order Filed Concurrently*]**<br><br>Assigned to the Hon. Stanley Blumenfeld, Jr.<br>Dept.: Courtroom 6C<br><br>Date:    June 7, 2024<br>Time:    8:30 a.m.<br><br>Compl. Filed:    February 23, 2024<br>Action Removed:  March 29, 2024 |

## <u>NOTICE OF MOTION AND MOTION</u>

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on June 7, 2024, at 8:30 a.m., in Courtroom 6C of the United States District Court, Central District of California, located at 350 West 1st Street, Los Angeles, California 90012, defendant The Kroger Co. (Kroger) will and hereby does move for an order dismissing the Complaint filed by plaintiff Sissy McConnon with prejudice, pursuant to Federal Rules of Civil Procedure 8(a), 9(b), and 12(b)(6).

Ms. McConnon asserts six causes of action, purportedly on behalf of a California class, for violations of California's (1) False Advertising Law (FAL), Cal. Bus. & Prof. Code § 17500, *et seq.*; (2) Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*; and (3) Consumer Legal Remedies Act, Cal. Civ. Proc. Code § 1750, *et seq.*, as well as claims for (4) breach of express warranty; (5) breach of implied warranty; and (6) intentional misrepresentation.  The Motion is made on the grounds that Ms. McConnon fails to state a claim upon which relief can be granted for any of her claims, and the Complaint should be dismissed in its entirety with prejudice.  In particular:

1.     All of Ms. McConnon's claims fail because she has not plausibly alleged that reasonable consumers would be misled by the Private Selection Cold-Pressed Avocado Oil, under either Federal Rule of Civil Procedure 8(a) or 9(b);

2.     Ms. McConnon fails to allege the statutory standing required to state her claims for violations of the FAL, UCL, and CLRA;

3.     Ms. McConnon fails to allege a breach of the implied warranty of merchantability;

4.     Ms. McConnon also fails to state her claim for intentional misrepresentations because she does not allege the requisite fraudulent intent;

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

5.      Ms. McConnon fails to sufficiently allege her claims for equitable relief;

6.      Ms. McConnon fails to sufficiently allege her claims for punitive damages; and

7.      Ms. McConnon's lawsuit amounts to an improper lack of substantiation claim.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, all other pleadings and papers on file in this action, any oral argument at the hearing on the Motion, and any further matters of which this Court may take judicial notice.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on April 12, 2024.

Dated:  April 29, 2024               DAVIS WRIGHT TREMAINE LLP

By: */s/ Jacob M. Harper*
     Jacob M. Harper

*Counsel for Defendant*
*The Kroger Co.*

MOTION TO DISMISS COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................... 1

II. FACTUAL ALLEGATIONS ................................................. 2

    A.   Kroger Sells Private Selection Cold-Pressed Avocado Oil in its California Stores. ........................................................ 2

    B.   Ms. McConnon Files a Complaint Vaguely Claiming the Avocado Oil Is Not "Pure." ............................................... 3

    C.   Kroger Timely Removes, and Ms. McConnon Refuses to Substantiate Her Testing Allegations. ................................. 4

III. THE COURT SHOULD DISMISS THE COMPLAINT WITH PREJUDICE. ..................................................................... 5

    A.   All the Claims Fail Under the Reasonable Consumer Test ................. 5

        1.   Legal Standards:  Plausibility, The Reasonable Consumer Test, and Rule 9(b). ....................................... 6

        2.   Ms. McConnon's Threadbare Allegations Fail to Show *How* or *Why* the Label is Misleading. ...................... 8

        a.   The "Testing" Fails Plausibility Standards. ............... 8

        b.   The Allegations Fail to Provide Sufficient Notice ............. 11

        c.   The Allegations Preclude a Showing of Materiality ............... 13

    B.   Ms. McConnon's Claims Fail for Additional, Claim-Specific Reasons. ............................................... 14

        1.   Ms. McConnon Lacks Statutory Standing To State Her FAL, UCL and CLRA Claims. ............................... 14

        2.   Ms. McConnon's Implied Warranty Claims Fail. ................. 16

        3.   Ms. McConnon Fails to Allege the Fraudulent Intent Required to State Her Intentional Misrepresentation Claim. ....................................................... 17

        4.   Ms. McConnon's Claims for Equitable Relief Fail. ............... 18

        5.   The Claim For Punitive Damages Is Subject to Dismissal. ...... 19

    C.   This Lawsuit Amounts To an Improper Request That Kroger Substantiate Its Product Ingredients. ................................. 20

IV. CONCLUSION ................................................................. 21

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aloudi v. Intramedic Research Grp.*,
    2016 WL 1569981 (N.D. Cal. Apr. 19, 2016),
    aff'd 729 F. App'x 514 (9th Cir. 2017) .................................................. 9, 11, 20

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ..................................................................................... 6, 14

*Beasley v. Conagra Brands, Inc.*,
    374 F. Supp. 3d 869 ............................................................................................7

*Beasley v. Tootsie Roll Indus., Inc.*,
    85 Cal. App. 5th 901 (2022) ............................................................................ 16

*Becerra v. Dr Pepper/Seven Up, Inc.*,
    945 F.3d 1225 (9th Cir. 2019) ............................................................................6

*Bly-Magee v. California*,
    236 F.3d 1014 (9th Cir. 2001) ........................................................................ 11

*Bower v. AT&T Mobility, LLC*,
    196 Cal. App. 4th 1545 (2011) ........................................................................ 15

*Brod v. Sioux Honey Ass'n Co-op.*,
    927 F. Supp. 2d 811 (N.D. Cal. 2013) ............................................................ 13

*Cervantes v. Countrywide Home Loans, Inc.*,
    656 F.3d 1034 (9th Cir. 2011) ........................................................................ 21

*Chapman v. Skype, Inc.*,
    220 Cal. App. 4th 217 (2013) ........................................................................ 17

*Coffelt v. The Kroger Co.*,
    2018 WL 6004543 (C.D. Cal. Aug. 17, 2018) ................................................ 15

*Ebner v. Fresh, Inc.*,
    838 F.3d 958 (9th Cir. 2016) ..................................................................... 6, 7

*Figy v. Frito-Lay North America*,
    67 F. Supp. 3d 1075 (N.D. Cal. 2014) ...................................................... 12, 14

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Foskaris v. Experian Info. Sol'ns, Inc.*,
  808 F. App'x 436 (9th Cir. 2020) ...................................................... 21

*Gonzales v. Comcast Corp.*,
  2012 WL 10621 (E.D. Cal. Jan. 3, 2012) .......................................... 15

*Gudgel v. Clorox Co.*,
  514 F. Supp. 3d 1177 (N.D. Cal. 2021) ............................................ 13

*Hadley v. Kellogg Sales Co.*,
  243 F. Supp. 3d 1074 (N.D. Cal. 2017) ........................................ 7, 12

*Harper Cosntr. Co. v. Nat'l Union Fire Ins. Co.*,
  2020 WL 1820124 (S.D. Cal. Apr. 10, 2020).................................... 19

*Hawkins v. Walmart, Inc.*,
  No. 1:24-cv-374 (E.D. Cal.)................................................................5

*Hayden v. Bob's Red Mill Natural Foods, Inc.*,
  2024 WL 1643696 (N.D. Cal. Apr. 16, 2024).......... 16*Kwan v. SanMedica Int'l*,
  854 F.3d 1088 (9th Cir. 2017) ...................................................... 2, 20

*Kwikset Corp. v. Super. Ct.*,
  51 Cal. 4th 310 (2011) .................................................................... 14

*Lavie v. Procter & Gamble Co.*,
  105 Cal. App. 4th 496 (2003) ...........................................................7

*Lazo v. Bank of Am., N.A.*,
  2012 WL 1831577 (N.D. Cal. May 18, 2012)................................... 17

*Martin v. Omnit Labs Inc.*,
  2023 WL 8190712 (C.D. Cal. Oct. 18, 2013)......................................9

*Meyer v. Colavita, Inc.*,
  2011 WL 13216980 (S.D. Fla. Sept. 13, 2011) ........................... 9, 11

*Mocek v. Alfa Leisure, Inc.*,
  114 Cal. App. 4th 402 (2003) ......................................................... 16

*Moore v. Trader Joe's Co.*,
  4 F. 4th 874 (9th Cir. 2021) .......................................................... 6, 7

*Myers-Taylor v. Ornua Foods N. Am., Inc.*,
  2019 WL 424703 (S.D. Cal. Feb. 4, 2019)....................................... 13

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*N. Am. Co. for Life & Health Ins. V. Xiaocui Zhang*,
  2019 WL 1060616 (C.D. Cal. Jan. 3, 2019) ....................................................... 19

*Nat'l Council Against Health Fraud, Inc. v. King Bio Pharm., Inc.*,
  107 Cal. App. 4th 1336 (2003) ......................................................................... 21

*Nazemi v. Specialized Loan Serv'g, LLC*,
  637 F. Supp. 3d 856 (C.D. Cal. 2022) ............................................................. 17

*Pelayo v. Nestle USA, Inc.*,
  989 F. Supp. 2d 973 (C.D. Cal. 2013) ................................................................7

*Rausch v. Flatout, Inc.*,
  660 F. Supp. 3d 855 (N.D. Cal. 2023) ............................................................. 19

*Rincon Band of Luiseño Mission Indians etc. v. Flynt*,
  70 Cal. App. 5th 1059 (2021) ........................................................................... 15

*Robinson v. Unilever U.S., Inc.*,
  2019 WL 8012687 (C.D. Cal. Aug. 21, 2019).....................................................6

*Rooney v. Cumberland Packing Corp.*,
  2012 WL 1512106 (S.D. Cal. Apr. 16, 2012).................................................... 14

*Salameh v. Tarsadia Hotel*,
  726 F. 3d 1124 (9th Cir. 2013) ...........................................................................7

*Scheibe v. Performance Enhancing Supp., LLC*,
  2023 WL 3829694 (S.D. Cal. June 5, 2023)............................................... 11, 18

*Sonner v. Premier Nutrition Corp.*,
  971 F.3d 834 (9th Cir. 2020) ............................................................................ 18

*Stearns v. Select Comfort Retail Corp.*,
  763 F. Supp. 2d 1128 (N.D. Cal. 2010) ........................................................... 15

*Svensrud v. Frito-Lay N. Am., Inc.*,
  2020 WL 8575056 (C.D. Cal. Dec. 21, 2020)................................................... 12

*Tae Hee Lee v. Toyota Motor Sales, U.S.A., Inc.*,
  992 F. Supp. 2d 962 (C.D. Cal. 2014) ........................................................ 16, 17

*Tomek v. Apple Inc.*,
  636 F. App'x 712 (9th Cir. 2016) ..................................................................... 14

iv

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Tran v. Sioux Honey Assoc. Coop.*,
  471 F. Supp. 3d 1019 (C.D. Cal. 2020) ............................................................. 13

*Viggiano v. Hansen Nat. Corp.*,
  944 F. Supp. 2d 877 (C.D. Cal. 2013) ............................................................. 16

*In re Vioxx Class Cases*,
  180 Cal. App. 4th 116 (2009) ......................................................................... 19

**Statutes**

28 U.S.C.
  § 1332(d)(2) ......................................................................................................4

California Business & Professions Code
  § 17200, *et seq.* ............................................................................................. 1, 4
  § 17500, *et seq.* ............................................................................................. 1, 4

California Civil Code
  § 3294.................................................................................................................. 19

California Code of Civil Procedure
  § 1750, *et seq.* ............................................................................................... 1, 4

**Rules**

Federal Rules of Civil Procedure
  Rule 8 ............................................................................................................. 1, 11
  Rule 8(a) .......................................................................................................... 1, 14
  Rule 9 .................................................................................................................. 1
  Rule 9(b).................................................................................................. *passim*
  Rule 11 ..................................................................................................................4

MOTION TO DISMISS COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## **MEMORANDUM OF POINTS AND AUTHORITIES**

## **I.    INTRODUCTION**

Plaintiff Sissy McConnon brings this putative class action alleging that defendant The Kroger Co.'s Pure Selection Cold-Pressed Avocado Oil misrepresented that it was "pure avocado oil," but the complaint fails at the outset for one basic reason:  The avocado oil is, in fact, nothing but avocado oil—and, on scrutiny under basic pleading standards, Ms. McConnon makes no plausible factual allegations to the contrary.  The claims should be dismissed, with prejudice.

For starters, Ms. McConnon makes no plausible allegation the label is false or misleading to reasonable consumers, as she is required to do to state all six[1] of the claims she brings.  Most problematic, she fails to make any viable allegation that survives even Rule 8 requirements that the avocado oil she actually purchased was adulterated at all; instead, she relies on vague references to "testing" of *other* oils that do not reasonably implicate her own, then improperly attempts to extrapolate the supposed results of those tests to her own bottle, an improper basis for a complaint that fails Rule 8 and Rule 9 pleading standards and has prompted dismissals for over a decade.  Beyond that, she fails to allege the basic factual allegations required to state consumer deception in several ways:  She fails to allege facts showing  how and why Kroger's Pure Selection Cold-Pressed Avocado Oil is not "pure avocado oil."  She does not allege what component renders the avocado oil allegedly impure, how much any bottle allegedly contains, or why it renders the avocado oil purportedly not "pure."  In other words, she presents no facts to support falsity whatsoever.  In short, Ms. McConnon's conclusory and sparse allegations fail to reach the Rule 8(a) and 9(b) pleading standards.

---

[1] For violation of California's False Advertising Law (FAL), Cal. Bus. & Prof. Code § 17500, *et seq.*; Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200, *et seq.*; and Consumer Legal Remedies Act (CLRA), Cal. Civ. Proc. Code § 1750, *et seq.*, as well as breach of express warranty, breach of the implied warranty of merchantability, and intentional misrepresentation.

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Ms. McConnon's claims also fail for additional, independent reasons warranting dismissal. She fails to plead the statutory standing required for her UCL, CLRA, and FAL claims, because she does not allege she attempted to return the product as permitted. Her claim for breach of the implied warranty of merchantability fails because she does not allege, as she must to state a breach, that the Avocado Oil was not fit for consumption. Her intentional misrepresentation claim fails because Ms. McConnon fails to allege facts to plausibly plead the requisite fraudulent intent. She fails to state a claim for equitable relief, because she does not allege that she has an inadequate remedy at law; in fact, her allegations demonstrate the opposite. This precludes her claims under the FAL and UCL, as well as her claim for equitable relief under the CLRA. And the claim for punitive damages is not sufficiently alleged, as she fails to allege any facts demonstrating Kroger's willful or malicious conduct.

Last, as Ms. McConnon has failed to affirmatively allege that the Avocado Oil's label claim is false, her lawsuit amounts to nothing more than an improper action seeking to force Kroger to substantiate its label—which claims are prohibited. Her Complaint should be dismissed on this additional ground as well. *See, e.g.*, *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017) (California law does not "provide [consumers] with a private cause of action to enforce the substantiation provisions of California's unfair competition or consumer protection laws").

Kroger respectfully requests the Court dismiss the Complaint, with prejudice.

## II.    FACTUAL ALLEGATIONS

### A.    Kroger Sells Private Selection Cold-Pressed Avocado Oil in its California Stores.

Kroger operates grocery stores throughout California and across the country. (Compl. ¶¶ 11–12.) In its grocery stores, Kroger advertises and sells third-party products, as well as its own products under private-label brand names, including

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  Private Selection.  (*See id.* ¶ 12.)  Among those products, Kroger sells Private

2  Selection Cold-Pressed Avocado Oil (the Avocado Oil).  (*Id.* ¶¶ 1, 15.)  The

3  Avocado Oil comes in "various sizes," including 17 fl. oz, 1 liter, and 2 liters.  (*Id.*

4  ¶ 15.)

5       The front label of the Private Selection Cold-Pressed Avocado Oil contains

6  the statement that it is "Private Selection Cold-Pressed Avocado Oil."  (*Id.* ¶ 15.)

7  The back of the label includes an ingredient disclosure, which lists "avocado oil."

8  (Compl. ¶¶ 15, 17.)  It also notes for the consumer, "Our Brands. Our Guarantee.

9  Love It or Your Money Back."  (*Id.* ¶ 15.)  The Avocado Oil bottle does not contain

10  any statement that it is "pure avocado oil" or otherwise is "pure."

11       **B.    Ms. McConnon Files a Complaint Vaguely Claiming the Avocado**

12       **Oil Is Not "Pure."**

13       Ms. McConnon alleges that, in or around August 2023, she purchased "a 1

14  liter bottle of Kroger's Private Selection Avocado Oil at a Ralphs Store" from two

15  Ralphs Grocery Stores, one in Van Nuys and one in Sherman Oaks, California.

16  (Compl. ¶ 8.)  She contends that based on the name of the product "Avocado Oil,"

17  (which she refers to as the "*Avocado Oil Representation*") she "reasonably

18  believed" the Avocado Oil was "pure avocado oil," and "this belief was an

19  important part of her decision to purchase" the Avocado Oil.  (*Id.* ¶ 8.)  She alleges

20  had she "known that the Class Products were adulterated avocado oil, she would not

21  have purchased them, or she would have paid less for them."  (*Id.*)

22       Ms. McConnon does not allege, however, what is in her bottle, or any other

23  Avocado Oil bottle, that renders it allegedly not "pure."  She alleges that she

24  engaged "third party laboratories" to test some unspecified bottles of Avocado Oil,

25  and confirmed that those bottles were somehow "not pure avocado oil and are in

26  fact adulterated."  (*Id.* ¶ 18.)  She provides no further explanation of how her

27  "testing" could support the conclusion that any bottle of Avocado Oil is not pure

28  avocado oil, let alone her own apparently untested bottle.  (*See id.*)  Elsewhere, she

3

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

alleges that other bottles of the Avocado Oil are "adulterated" with "other" unidentified "oils." (*E.g.*, *id.* ¶ 3.) Again, she does not confirm or specify what she contends is wrong with her own bottle of avocado oil. (*See id.*) Nor does she allege what "other" "oil" is purportedly present in the product, how much, or how that renders the product "adulterated" and not "pure." (*Id.*)

Based on these allegations, Ms. McConnon brings claims, purportedly on behalf of a putative class of California consumers, for violation of the (1) False Advertising Law (FAL), Cal. Bus. & Prof. Code § 17500, *et seq.*; (2) Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200, *et seq.*; and (3) Consumer Legal Remedies Act (CLRA), Cal. Civ. Proc. Code § 1750, *et seq.*, as well as claims for (4) breach of express warranty; (5) breach of implied warranty; and (6) intentional misrepresentation. She seeks "injunctive and other equitable relief," "an award of all economic, monetary, actual, consequential, and compensatory damages," "punitive damages," "nominal damages," attorneys' fees and expenses, among other relief. (Compl. at 16–17.)

## C.   Kroger Timely Removes, and Ms. McConnon Refuses to Substantiate Her Testing Allegations.

On March 29, 2024, Kroger filed a timely Notice of Removal pursuant to the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d)(2). (*See* Notice, ECF No. 1). The Notice explained, among other things, that removal was proper because the amount in controversy exceeds $5 million. (*Id.* ¶¶ 17–24.) On April 11, 2024, Ms. McConnon filed a Motion to Remand, challenging only the amount in controversy, which Kroger has opposed. (ECF Nos. 10, 14.) The hearing on the Motion for Remand is set for May 10, 2024.

Both before and after this lawsuit was filed, Kroger has requested that Ms. McConnon provide the testing she claims supports her claims (or any other evidence to support her claims as required to comply with Federal Rule of Civil Procedure 11), as Kroger doubts that any such testing occurred, including because

MOTION TO DISMISS COMPLAINT

her counsel concurrently filed a nearly identical complaint against a different defendant, Walmart Inc., based on different avocado oil product, in *Hawkins v. Walmart, Inc.*, No. 1:24-cv-374 (E.D. Cal.), with equally vague "testing" allegations.  To date, Ms. McConnon has refused to provide anything to demonstrate the factual basis for her claims.

On April 19, 2024, counsel for the parties met and conferred regarding Kroger's anticipated motion to dismiss.  The parties could not reach resolution, necessitating this Motion to Dismiss with prejudice.

## III.    THE COURT SHOULD DISMISS THE COMPLAINT WITH PREJUDICE.

Ms. McConnon's claims should be dismissed with prejudice.  (A) All her claims fail because she fails to make a plausible allegation that the Avocado Oil lacks avocado oil, much less plead that the label would mislead a significant portion of reasonable consumers.  (B) Her claims fail for additional, claim-specific reasons, including (1) she fails to allege the statutory standard required for her UCL, CLRA, and FAL claims; (2) she fails to allege a breach of the implied warranty of merchantability; (3) she fails to allege additional elements of her intentional misrepresentation claim; (4) she has not and cannot sufficiently allege her claims for equitable relief; and (5) she fails to state her claim for punitive damages. (C) Her claims amount to lack of substantiation claims, which are prohibited.

### A.    All the Claims Fail Under the Reasonable Consumer Test.

Ms. McConnon's claims fail because she does not (and cannot) plausibly allege how any bottle of Avocado Oil, much less the bottle she purchased, is "not pure avocado oil," as she must to plead the consumer deception required to state all her claims.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1. **Legal Standards:  Plausibility, The Reasonable Consumer Test, and Rule 9(b).**

The Court must draw on three pleading requirements in assessing Ms. McConnon's claims.

1. ***Plausibility.***  To survive a motion to dismiss, "the plaintiff [must] plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The Court need not accept as true "bare assertions" or conclusions of law.  *Id.* at 680–81.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—the pleader is entitled to relief."  *Id.* at 678–79 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility'").  For consumer mislabeling claims, like Ms. McConnon's here, a plaintiff must allege facts demonstrating a "plausible" claim that the label is false or misleading under the reasonable consumer test to survive a motion to dismiss.  *Becerra v. Dr Pepper/Seven Up, Inc.*, 945 F.3d 1225, 1231 (9th Cir. 2019) (affirming dismissal for failure to plausibly allege consumer deception; "without this piece of the puzzle, Becerra's consumer-fraud claims fail"); *Moore v. Trader Joe's Co.*, 4 F.4th 874, 882–85 (9th Cir. 2021). (same).

2. ***The Reasonable Consumer Test.***  To state her claims here, Ms. McConnon must satisfy the "reasonable consumer test," which requires her to allege facts showing consumers "are likely to be deceived."  *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016) (affirming dismissal of CLRA, UCL, and FAL claims based on failure to plausibly plead consumer deception); *Robinson v. Unilever U.S., Inc.*, 2019 WL 8012687, at *3 (C.D. Cal. Aug. 21, 2019) (dismissing

MOTION TO DISMISS COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

warranty and fraud claims on this basis).[2]  "This is not a negligible burden." *Moore.*, 4 F.4th at 882.  A plaintiff must plead "more than a mere possibility that [the] label might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner." *Ebner*, 838 F.3d at 965 (quoting *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 508 (2003)).  "Rather, [it] requires a probability 'that a significant portion of reasonable consumers, acting reasonably in the circumstances, could be misled." *Id.* (same).  "[W]here a Court can conclude as a matter of law that members of the public are not likely to be deceived by the product packaging, dismissal is appropriate." *Pelayo v. Nestle USA, Inc.*, 989 F. Supp. 2d 973, 978 (C.D. Cal. 2013) (collecting cases).

**3.  Particularity Under Rule 9(b).**  Further, "[w]here, as here, a plaintiff's claims are grounded in fraud," they must also satisfy "the heightened pleading requirements of Rule 9(b)." *Beasley v. Conagra Brands, Inc.*, 374 F. Supp. 3d 869, 881 (dismissing UCL, CLRA, FAL, and warranty claims for failure to plead with particularity as required under Rule 9(b)).  Thus, the "complaint must identify the who, what, when where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *Salameh v. Tarsadia Hotel*, 726 F. 3d 1124, 1133 (9th Cir. 2013).

---

[2] Ms. McConnon alleges a violation of the UCL under all three prongs: fraudulent, unfair, and unlawful (for violations of the FAL and CLRA).  All three rise and fall together.  Indeed, where an unlawful UCL claim is premised on violations of FAL and CLRA, but those claims fail, so too does the unlawful UCL claim.  *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1094 (N.D. Cal. 2017) (dismissing unfair UCL claim based on violation of CLRA and FAL where those claims failed).  And "where the unfair business practices alleged under the unfair prong of the UCL overlap entirely with the business practices alleged in the fraudulent and unlawful prongs of the UCL, the unfair prong of the UCL claim cannot survive if the claims under the other two prongs of the UCL do not survive." *Id.* at 1104–05.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Ms. McConnon's vague and conclusory allegations fail to meet these
standards.

> **2.    Ms. McConnon's Threadbare Allegations Fail to Show *How*
> or *Why* the Label is Misleading.**

Ms. McConnon's claims fail because she alleges no plausible facts (rather
than conclusory statements and speculation) that Kroger's Avocado Oil is not
avocado oil or contains something else.  To be clear, ***Ms. McConnon never once
makes the affirmative factual assertion she would need to state a claim:  that the
bottle of avocado oil she actually purchased lacks avocado oil or contains
something other than avocado oil***.  Instead, she contrives a theory of adulteration
based on alleged "testing" of some other products (not Ms. McConnon's) that, even
if credited as true, ***does not and cannot lead to the factual allegation or conclusion
that the Kroger Avocado Oil that Ms. McConnon purchased contains anything
other than avocado oil.***.  Her allegations amount to the conclusory assertions that
the avocado oil is not "pure avocado oil" because it contains an unidentified amount
of some unidentified substance other than "pure avocado oil"—but she fails to
identify the *how* or *why*.  Courts disregard such conclusory allegations, and the
Court should do so here, because (a) her extrapolation method lacks plausible
foundation even on a motion to dismiss; (b) the allegations are so vague as to fail to
give Kroger sufficient notice of her claims; and (c) her complaint forecloses a
showing of materiality.

> **a.    The "Testing" Fails Plausibility Standards.**

The factual allegations fail to meet the standards for plausibility.  To reach
her conclusion that Ms. McConnon's Avocado Oil contained something other than
avocado oil, Ms. McConnon alleges only that (a) independent laboratory "testing"
purportedly shows that unspecified Avocado Oil bottles (not her own bottle) are
somehow "not pure avocado oil" without any further explanation (Compl. ¶ 18);
and, solely from that statement, reaches the conclusion that (b) that the Avocado Oil

MOTION TO DISMISS COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

is "adulterated with other [unidentified] oils" (*id.* ¶ 3).  Instead of relying on testing of her own product, she purports to extrapolate from unspecified testing of unspecified products in unspecified lots based on unspecified time, place, testing standards, and myriad other problems—but she has no facts confirming that such "testing" (even if it occurred) viably or properly led to the basis of her complaint: the *conclusion* that Kroger Avocado Oil contains anything but avocado oil.  Her Complaint includes no such factual allegations whatsoever.

Courts have dismissed similar "testing"-based claims of oil adulteration for over a decade when they addressed a smattering of cases involving olive oil, in which plaintiffs claimed (as here) that unspecified tests suggested certain olive oil products had impure qualities.  *See Aloudi v. Intramedic Research Grp.*, 729 F. App'x 514, 516 (9th Cir. 2017) (affirming dismissal where cited studies were insufficient to demonstrate the product plaintiff purchased was mislabeled, and plaintiff thus "fail[ed] to state a sufficiently plausible or specific claim of actual falsity"); *Martin v. Omnit Labs Inc.*, 2023 WL 8190712, at *5–7 (C.D. Cal. Oct. 18, 2013) (dismissing mislabeling claims where cited studies do not sufficiently support falsity).

*Meyer v. Colavita, Inc.* is particularly instructive.  There, the plaintiffs alleged olive oils had characteristics that suggested they contained oils other than "extra virgin" as the labels advertised.  2011 WL 13216980, at *1–3 (S.D. Fla. Sept. 13, 2011).  To support their claims, plaintiffs relied on a study conducted at U.C. Davis on other olive oils than what plaintiff purchased and attempted to extrapolate to the particular bottle that the plaintiff purchased there (as Ms. McConnon does here).  *Id.* at *1–3.  There, as here, plaintiffs included threadbare allegations of the "testing" with insufficient detail or allegations to allow the court to determine whether the testing or study viably led to the conclusions plaintiffs drew.  In a detailed analysis that applies with full force here (and worth quoting in full), the court observed:

MOTION TO DISMISS COMPLAINT

Davis Wright Tremaine LLP
865 S. Figueroa St, Suite 2400
Los Angeles, California 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Plaintiffs fail to plead anything other than unwarranted deductions of fact in support of their claims that Defendants have engaged in a deceptive act or unfair practice. Plaintiffs do not allege facts suggesting that the olive oil they purchased was not actually extra virgin olive oil. They do not plead facts indicating when, where, and what type of olive oil they purchased and whether the actual olive oil they purchased conformed with the identified standards. Rather, Plaintiffs support their claims with speculation and unwarranted extrapolation from the UC Davis Study's findings. Nevertheless, that study involved a very limited sampling of extra virgin olive purchased from three different cities in California. The sample sizes tested from each Defendant were very small. The results were also somewhat inconclusive. For example, some of Defendants' samples passed both the objective criteria and more subjective organoleptic criteria as meeting the standards for extra virgin olive oil. Others did not, but based upon failures of the more subjective test.  Defendants indicate that the IOC, which promulgates the seemingly most pertinent industry standards, has criticized the UC Davis Study as failing to include a statistically significant sample size and not conforming to its standardized sensory testing procedures. Nevertheless, even setting aside the flaws with the UC Davis Study, and assuming their results as true, the study paints a very incomplete picture from which one could at best infer that a portion of Defendants' extra virgin olive oil products, distributed and sold in certain locations in California, do not meet all of the standards promulgated by the IOC for extra virgin olive oil. This does little to support an inference that consumers purchasing Defendants' extra virgin olive oil in Florida have been wronged or sold "fake" olive oil. Plaintiffs make numerous conclusory allegations and assumptions based upon the UC Davis Study but without alleging any facts presenting a nexus or connection to Florida. There are no allegations that anyone in Florida purchased extra virgin olive that tasted bad, or was tested and failed to meet certain standards, or was in any other way "fake."

MOTION TO DISMISS COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Id.* at \*5; *see Aloudi*, 729 F. App'x 514 at 516 (affirming dismissal where cited study was insufficient to "state a sufficiently plausible or specific claim of actual falsity").

For Ms. McConnon, the problems are worse than in *Meyer* because she does not even bother attaching the supposed "testing" (which Kroger doubts even exists), much less allege facts necessary to allow the court to assess the viability of the testing, extrapolations, or conclusions—such as "when where and what type of" oil used in the study; the "standards" used for testing; the "sample size" and any other "objective criteria"; and other necessary elements.

Same here, and Ms. McConnon, like the olive oil plaintiffs, "***make[s] numerous conclusory allegations and assumptions based upon the [testing] but without alleging any facts presenting a nexus or connection to" Ms. McConnon or the product she actually purchased***. *Meyer*, 2011 WL 13216980, at \*5.

These conclusory and unsupported statements fail to push her claims across the Rule 8 and 9(b) thresholds. *See Scheibe v. Performance Enhancing Supp., LLC*, 2023 WL 3829694, at \*3–4 (S.D. Cal. June 5, 2023) (plaintiff's conclusory allegations that "independent third-party" "testing has confirmed the malic acid" is the complained of "DL malic acid" were "conclusory" and failed under Rule 9(b)).

### b.    The Allegations Fail to Provide Sufficient Notice.

The insufficiently pleaded allegations also fail to provide mandatory notice to Kroger of the claims. *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) ("allegations …must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong."). These allegations fail to identify *how* the avocado oil is not "pure" or is "adulterated"—in other words, Ms. McConnon does not allege what component in the Avocado Oil renders it not "pure," why it renders the avocado oil not "pure," how much of any non-pure component is in the product, or what she has "tested" for and against what

MOTION TO DISMISS COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

standards. She presents ***no plausible theory of falsity at all.*** These basic factual allegations are critical, including to put Kroger on notice of the claims; without these facts, Kroger is left guessing at Ms. McConnon's theory of falsity and deception: how is the product "adulterated" or not "pure"? What does she contend is in it besides cold-pressed avocado oil, if anything? How much? Is it, for example, a natural by-product of cold-pressing avocado oil? Does she allege merely a trace amount? Is it nothing at all?

Courts have repeatedly dismissed claims based on unsupported conclusions that a product lacks a quality or ingredient. In *Figy v. Frito-Lay North America*, 67 F. Supp. 3d 1075, 1089–90 (N.D. Cal. 2014), the court dismissed the plaintiffs' claims challenging the food products' "All Natural" labeling as misleading, because plaintiffs failed to allege "how or why the offending ingredients are unnatural." *Id.* at 1090. As the court explained:

> [Plaintiffs] have offered nothing more than conclusory assertions that the ingredients they complain of are unnatural. It is insufficient under Rule 9(b) to simply assert … that an ingredient is unnatural. Rather, Plaintiffs must plead *why* these allegedly offending ingredients are unnatural. Because Plaintiffs have not pleaded any facts explaining what these ingredients are and how they are unnatural, Plaintiffs 'All Natural' claims do not meet the standard set forth in [Rule 9(b)].

*Id.* (emphasis in original). In other words, to sufficiently allege consumer deception, the plaintiffs were required to, at the very least, allege specifically what ingredients in the product are "unnatural" and specifically why they are unnatural; their failure to do so warranted dismissal. *See id.; see also Svensrud v. Frito-Lay N. Am., Inc.*, 2020 WL 8575056, at *4 (C.D. Cal. Dec. 21, 2020) (dismissing UCL, FAL, and CLRA claims as not "plausible" because plaintiff's "conclusory allegations were devoid of any facts suggesting the basis for her claim that the Product contains artificial cheddar"); *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1090–92 (N.D. Cal. 2017) (dismissing claim that product's health claims

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

were misleading due to excessive "added sugar" under Rule 9(b) where plaintiff "inadequately alleged the amount of added sugar" in the products). Similarly, here, Ms. McConnon was required to allege what components in the Avocado Oil were not "pure avocado oil" or why, and her claims likewise fail under the pleading standards.

### c.    The Allegations Preclude a Showing of Materiality.

Ms. McConnon's failure to identify what renders the avocado oil not "pure" also precludes any showing of materiality, as required to meet the reasonable consumer standard. *Brod v. Sioux Honey Ass'n Co-op.*, 927 F. Supp. 2d 811, 830 (N.D. Cal. 2013) (dismissing claim where the complaint "provides no indication that the presence or absence [of the allegedly missing ingredient] plays a substantial part in the reasonable consumer's decision to purchase honey").

Indeed, Ms. McConnon provides no facts explaining what exactly consumers expected, how the Avocado Oil differs from that expectation, or how the differential is material, leaving fatal gaps in her pleadings. *Id.*; *see Myers-Taylor v. Ornua Foods N. Am., Inc.*, 2019 WL 424703, at *5 (S.D. Cal. Feb. 4, 2019) (plaintiff failed to satisfy Rule 9(b) where it "fails to offer an objective or plausible definition for the challenged label term"); *Tran v. Sioux Honey Assoc. Coop.*, 471 F. Supp. 3d 1019, 1026–28 (C.D. Cal. 2020) (explaining the word "pure" "has no fixed meaning" and granting summary judgment as plaintiff failed to offer evidence that consumers would not expect "trace amounts" of other ingredients). These defects are all the more critical, as the Avocado Oil is not actually labeled "pure avocado oil" nor does "pure" appear on the label, in contrast to other oils named "Pure"—as Ms. McConnon notes here—which reasonable consumers would look for when shopping for a product that contains a "pure" oil. (Compl. 19 n.2 (comparing the Avocado Oil to "Pure Canola Oil" and "Pure Vegetable Oil")); *see Gudgel v. Clorox Co.*, 514 F. Supp. 3d 1177, 1186 (N.D. Cal. 2021) (dismissing claims where alleged misrepresentation "does not appear on the product's label" and thus "cannot

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

be used as the basis to state a claim under the reasonable consumer test"); *Rooney v. Cumberland Packing Corp.*, 2012 WL 1512106, at *4 (S.D. Cal. Apr. 16, 2012) (dismissing claim that "sugar in the raw" leads reasonable consumers to believe it was unprocessed or unrefined as "[n]owhere on the box do the words 'unprocessed' or 'unrefined' appear.").

Simply put, Ms. McConnon fails to allege "what these [non-pure] ingredients are and how they are" not pure. *See Figy*, 67 F. Supp. 3d at 1090. Her bare allegations "stop short of the line between possibility and plausibility" and fail to satisfy either Rule 8(a) or Rule 9(b). *See Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility'"). As Ms. McConnon fails to plausibly allege that her claims satisfy the reasonable consumer standard, let alone with the particularity required under Rule 9(b), the Court should dismiss all of her claims. Ms. McConnon will be unable to cure these deficiencies, as the Avocado Oil is in fact avocado oil.

**B.    Ms. McConnon's Claims Fail for Additional, Claim-Specific Reasons.**

**1.    Ms. McConnon Lacks Statutory Standing To State Her FAL, UCL and CLRA Claims.**

Ms. McConnon fails to allege the economic injury required for statutory standing to bring her UCL, CLRA, and FAL claims.

Statutory standing under the FAL, UCL, and CLRA is a separate and "more restrictive" requirement than Article III standing. *Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th 310, 324 (2011); *Tomek v. Apple Inc.*, 636 F. App'x 712, 713 (9th Cir. 2016) (same). It requires a plaintiff (1) "establish a loss or deprivation of money or property sufficient to qualify as injury in fact;" and (2) "show that the economic injury was the result of, i.e., *caused by*, the unfair business practice or false advertising that is the gravamen of the claim." *Kwikset*, 51 Cal. 4th at 322.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

As to the first requirement, a plaintiff must allege an "economic injury" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Bower v. AT&T Mobility, LLC*, 196 Cal. App. 4th 1545, 1554 (2011).  "Particularized" means "the injury [] affect[s] the plaintiff in a personal and individual way …. [A] plaintiff [] must establish that he or she has *personally* suffered economic injury in fact caused by the alleged unfair competition." *Rincon Band of Luiseño Mission Indians etc. v. Flynt*, 70 Cal. App. 5th 1059, 1097 (2021) (emphasis in original).

Here, Ms. McConnon cannot demonstrate the requisite economic injury for statutory standing because she does not allege that she tried to return her Avocado Oil bottles.  (*See* Compl.)  A plaintiff who receives a full refund before bringing suit lacks statutory standing.  *See, e.g.*, *Gonzales v. Comcast Corp.*, 2012 WL 10621, at *5 (E.D. Cal. Jan. 3, 2012) (finding plaintiffs lacked statutory standing where "Plaintiffs have failed to demonstrate, or even allege with any degree of concreteness, that the refund was inadequate."); *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1151 (N.D. Cal. 2010) (no statutory standing where "almost all of the named Plaintiffs concede that they have received a refund for their moldy mattresses").  Similarly, a plaintiff's refusal to request an available refund obviates her statutory standing to bring a FAL, CLRA or UCL claim.  *See Coffelt v. The Kroger Co.*, 2018 WL 6004543, at *9 (C.D. Cal. Aug. 17, 2018) ("Plaintiff never attempted to get a refund for the product with which he was dissatisfied, and thus lacks standing to assert a CLRA claim[.]").

Ms. McConnon lacks statutory standing because she could have, but failed to, avail herself of a refund here.  The product label provides "Our Brands. Our Guarantee. Love It or Your Money Back."  (Compl. ¶ 15.)  Despite discovering that she was allegedly dissatisfied with the product, Ms. McConnon fails to allege that she attempted to seek her "[m]oney [b]ack" for either of her two purchased bottles. (*See generally* Compl.)  Instead, two months after her purchase, she threatened a

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  putative class action lawsuit.  (Compl. ¶ 58.)  Having failed to seek a refund, she

2  lacks statutory standing to bring her claims under the UCL, CLRA, or FAL.  These

3  claims should be dismissed on this basis as well.

### 2.    Ms. McConnon's Implied Warranty Claims Fail.

5  Ms. McConnon's implied warranty claim fails.  Under California, "an

6  implied warranty of merchantability guarantees that 'consumer goods meet each of

7  the following: (1) Pass without objection in the trade under the contract description,

8  (2) are fit for the ordinary purposes for which such goods are used, (3) are

9  adequately contained, packaged, and labeled, [and] (4) conform to the promises or

10  affirmations of fact made on the container or label."  *Mocek v. Alfa Leisure, Inc.*,

11  114 Cal. App. 4th 402, 406 (2003) (cleaned up).  In short, "the implied warranty of

12  merchantability … provides for a minimum level of quality."  *Tae Hee Lee v.*

13  *Toyota Motor Sales, U.S.A., Inc.*, 992 F. Supp. 2d 962, 979 (C.D. Cal. 2014).

14  "Thus, a plaintiff claiming a breach of an implied warranty of merchantability must

15  show that the product 'did not possess even the most basic degree of fitness for

16  ordinary use.'"  *Id.* (quoting *Mocek*, 114 Cal. App. 4th at 406); *Beasley v. Tootsie*

17  *Roll Indus., Inc.*, 85 Cal. App. 5th 901, 709 (2022) ("to breach the implied warranty,

18  a product must lack 'even the most basic degree of fitness for ordinary use").

19  For food products, a breach of the implied warranty of merchantability occurs

20  only where the product is not fit for consumption.  *Viggiano v. Hansen Nat. Corp.*,

21  944 F. Supp. 2d 877, 896 (C.D. Cal. 2013) (dismissing implied warranty claim as

22  plaintiff does not "allege that the beverage was not drinkable"); *Hayden v. Bob's*

23  *Red Mill Natural Foods, Inc.*, 2024 WL 1643696, at *10 (N.D. Cal. Apr. 16, 2024)

24  (dismissing implied warranty claim where "Plaintiff has not plausibly pled that the

25  Products are unsafe for consumption" because "level of cadmium" in the product

26  not alleged to reach levels where "complained-of health risks occur").

27  Ms. McConnon fails to allege the required breach, as she does not allege that

28  Kroger's Avocado Oil lacks "even the most basic degree of fitness for ordinary

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

use," nor does she allege that the Avocado Oil is not fit for consumption. Rather, she alleges that she still would have purchased the Avocado Oil even knowing it was not "pure," but simply would have paid less, which precludes her breach of implied warranty claim. (Compl. ¶ 77.) The claim thus should be dismissed on this additional basis.

### 3. Ms. McConnon Fails to Allege the Fraudulent Intent Required to State Her Intentional Misrepresentation Claim.

Ms. McConnon's intentional misrepresentation claim fails for the additional reason that she fails to allege the requisite fraudulent intent. "[T]o plead a claim for intentional misrepresentation under California law, a plaintiff must plead (1) a misrepresentation, (2) knowledge of falsity, (3) intent to induce reliance, (4) actual and justifiable reliance, and (5) resulting damage." *Nazemi v. Specialized Loan Serv'g, LLC*, 637 F. Supp. 3d 856, 861 (C.D. Cal. 2022) (quoting *Chapman v. Skype, Inc.*, 220 Cal. App. 4th 217, 230–31 (2013)). A plaintiff thus must allege "specific facts to suggest" the plaintiff has the requisite "scienter." *Lazo v. Bank of Am., N.A.*, 2012 WL 1831577, at *9 (N.D. Cal. May 18, 2012). Where a plaintiff alleges only "conclusory" allegations of knowledge—i.e., the defendant "knowingly made a false representation"—the claim is subject to dismissal. *Id.*; *accord Tae Hee Lee*, 992 F. Supp. 2d at 977 (dismissing fraud claim where "Plaintiffs [] failed to allege that [defendant] knew that what Plaintiffs argue are misrepresentations were made with knowledge of their falsity or that Toyota had the intent to defraud Plaintiffs").

Ms. McConnon's allegations of knowledge fail to arise beyond conclusory allegations, which are insufficient. First, she alleges "Kroger knew the *Avocado Oil Misrepresentation* was misleading … as evidenced by Kroger intentionally and conspicuously placing it on the packaging[.]" (Compl. ¶ 83.) This conclusory allegation is insufficient, and in any case, is contradictory, as the label specifically does *not* say "pure avocado oil." Second, she alleges that Kroger "knows, knew, or

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

should have known" that the label "is misleading."  (*Id.* ¶ 36.)  This allegation is not only conclusory, but also undermines the knowledge requirement; it suggests that Kroger potentially had knowledge only *after* her purchase, which fails to plausibly suggest that Kroger had knowledge of falsity when the alleged representation was made.  In short, she fails to sufficiently allege intent and knowledge.

### 4.    Ms. McConnon's Claims for Equitable Relief Fail.

Ms. McConnon fails to allege facts sufficient to state a claim for equitable relief, which is fatal to her UCL and FAL claims in their entirety, as well as her other claims for equitable relief.  A plaintiff "must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL and CLRA."  *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020).  At the pleadings stage, "plaintiff must, at a minimum, plead that he lacks adequate remedies at law if he seeks equitable relief."  *Scheibe*, 2023 WL 3829694, at *5.  In the absence of such allegations, claims for equitable relief should be dismissed.  *Id.* ("to the extent Plaintiff's claims seek equitable relief, they are dismissed because plaintiff failed to state a claim for equitable relief").  Thus, where, as here, a plaintiff "seeks the same sum in equitable restitution" as "requested in damages" for the same harm, without any other explanation for how those damages are "inadequate" or "incomplete," dismissal is appropriate.  *See Sonner*, 971 F.3d at 844 (affirming dismissal for claims of equitable restitution under the UCL and CLRA).

Ms. McConnon's claims here suffer from the same pleading defect.  She specifically seeks "damages" in the form of "the amounts paid" for the products (Compl. ¶ 85), as well as restitution for the same amounts (*see id.* ¶¶ 38, 43, 46).  She fails to allege any basis to plausibly state that such damages are "inadequate" or "incomplete," and she therefore has not and cannot plead that she lacks an adequate remedy at law as required to seek equitable relief.  Her claims for equitable relief under the UCL, FAL, and CLRA should be dismissed; because only equitable relief

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

is available under the UCL and FAL, this warrants dismissal of those claims in their entirety. *See In re Vioxx Class Cases*, 180 Cal. App. 4th 116, 130 (2009) ("remedies available" under UCL and FAL are "limited to" equitable remedies).

### 5. The Claim For Punitive Damages Is Subject to Dismissal.

Ms. McConnon also fails to allege sufficient facts to state her claim for punitive damages. "[W]hen punitive damages are sought against a corporation based on the acts of its employees, the plaintiff must show the corporation's advance knowledge or ratification of the conduct." *N. Am. Co. for Life & Health Ins. V. Xiaocui Zhang*, 2019 WL 1060616, at *3 (C.D. Cal. Jan. 3, 2019) (citing Cal. Civ. Code § 3294). Thus, "[a] request for punitive damages against a corporation must include allegations relating to the corporation's officers, directors, or managing agents. … [A] company simply cannot commit willful and malicious conduct—only an individual can." *Harper Cosntr. Co. v. Nat'l Union Fire Ins. Co.*, 2020 WL 1820124, at *7 (S.D. Cal. Apr. 10, 2020). Where a plaintiff alleges only the conclusory statement that defendant's conduct was "willful and malicious," the claim for punitive damages will not survive a motion to dismiss. *Rausch v. Flatout, Inc.*, 660 F. Supp. 3d 855, 862–63 (N.D. Cal. 2023) (dismissing punitive damages claim in consumer mislabeling action); *see also Harper*, 2020 WL 1720124, at *7 (granting defendant's motion for judgment on the pleadings as to punitive damages).

Ms. McConnon asserts a claim for punitive damages (Compl. ¶¶ 59, at Prayer), but does not support them with sufficient allegations (nor can she). She fails to allege even conclusory allegations to support her claim, let alone any factual basis to bring her claims over the pleadings threshold. The Court should therefore dismiss the claim for punitive damages.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1
2

### C.    This Lawsuit Amounts To an Improper Request That Kroger Substantiate Its Product Ingredients.

3    As Ms. McConnon has failed to allege facts to show that Kroger's label is
4    false (nor can she), *supra*, her lawsuit constitutes a "lack of substantiation"
5    enforcement action, which is prohibited under California law.  In other words, after
6    peeling away Ms. McConnon's conclusory and insufficient allegations purporting to
7    state falsity (but failing), this lawsuit is laid bare as nothing more than an improper
8    fishing expedition, designed to force Kroger to substantiate its product labeling.

9    Under California law, however, a plaintiff may not sue to force a company to
10   confirm that any representations it has made with regard to a product was properly
11   substantiated.  *See Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1095 (9th Cir. 2017)
12   ("[C]ourts have precluded private citizens from bringing actions that allege that the
13   challenged advertising language lacked proper scientific substantiation."); *Aloudi v.*
14   *Intramedic Research Grp.*, 2016 WL 1569981, at *2–4 (N.D. Cal. Apr. 19, 2016)
15   (dismissing UCL, FAL, and CLRA claims as improper "lack of substantiation"
16   claims), aff'd 729 F. App'x 514 (9th Cir. 2017).  In *Kwan*, the Ninth Circuit
17   considered a challenge to the defendant's representations that their product, a health
18   supplement, provided a 682% increase in human growth hormone levels.  *Id.* at
19   1091.  The Ninth Circuit affirmed the district court's holding dismissing the claim,
20   and concluded that the plaintiff's mere conclusory allegations "do nothing to
21   support or prove the falsehood of the claims," and instead found that the plaintiff's
22   claims were "simply an allegation that defendant's marketing claims lack scientific
23   substantiation."  *Id.* at 1096.  Because "California law does not provide a private
24   cause of action for claims that advertising lacks substantiation," the Ninth Circuit
25   explained that plaintiff's "failure to allege specific facts pointing to actual falsehood
26   constitute[d] a ***fatal flaw***."  *Id.* at 1096–97 (emphasis added).  The Court
27   acknowledged that to permit a claim to advance otherwise would improperly shift
28   the burden of proof in consumer false advertising actions from the plaintiff to the

MOTION TO DISMISS COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

defendant.  *Id.* at 1094–98 (citing *Nat'l Council Against Health Fraud, Inc. v. King Bio Pharm., Inc.*, 107 Cal. App. 4th 1336, 1344 (2003)).

As detailed above, Ms. McConnon falls far short of alleging a plausible theory of falsity.  Absent such allegations, her lawsuit represents an improper attempt to shift the burden of proof from herself to Kroger by, in effect, demanding that Kroger substantiate its claims.  Ms. McConnon lacks a private right of action to do so, and her claims fail for this additional reason.

## IV.    CONCLUSION

Kroger respectfully requests that Court grant this Motion to Dismiss with prejudice.  *See Foskaris v. Experian Info. Sol'ns, Inc.*, 808 F. App'x 436, 440 (9th Cir. 2020) (affirming denial of leave to amend complaint where plaintiff "fail[ed] to explain how he would cure the deficiencies in his pleading"); *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041, 1047 (9th Cir. 2011) ("[A] district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile.").

Dated:  April 29, 2024              DAVIS WRIGHT TREMAINE LLP

                                    By: */s/ Jacob M. Harper*
                                       Jacob M. Harper

                                    *Attorneys for Defendant*
                                    *Ralphs Grocery Company*

MOTION TO DISMISS COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1
2

## **CERTIFICATIONS**

3
4    The undersigned counsel of record for Ralphs Grocery Company, certifies
5    that this brief contains 6,808 words, which complies with the word limit of L.R.
     11-6.1.

6    _____/s/ *Jacob M. Harper*_____

7
8
9    I certify that the parties met in person or by videoconference, thoroughly
10   discussed each and every issue raised in the motion, and attempted in good faith
11   to resolve the motion in whole or in part.

12   _____/s/ *Jacob M. Harper*_____

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MOTION TO DISMISS COMPLAINT

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899