UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SISSY MCCONNON,<br><br>    Plaintiff,<br><br>v.<br><br>THE KROGER CO.,<br><br>    Defendant. | Case No. 2:24-cv-02601-SB-E<br><br><br>ORDER DENYING PLAINTIFF'S MOTION TO REMAND [DKT. NO. 10] |

    Plaintiff Sissy McConnon purchased a bottle of what she believed to be pure avocado oil. She claims that she subsequently discovered that the oil she purchased contained other types of oil and that she would not have purchased the product (or would have paid less for it) had she known that it was "adulterated." After Plaintiff filed this case in state court alleging violations of California false advertising and unfair competition laws, Defendant The Kroger Co. removed it to this Court asserting jurisdiction under the Class Action Fairness Act (CAFA). Dkt. No. 1. Plaintiff now moves to remand asserting that Defendant has failed to prove that the amount in controversy exceeds the $5 million threshold because Defendant's calculation of compensatory damages assumes that Plaintiff can recover the full cost of the purchased product rather than the price premium paid for it. Dkt. No. 10. Because Plaintiff placed the entire cost of the product at issue in the complaint, Defendant has adequately proven that the amount in controversy exceeds $5 million.

I.

    Plaintiff filed this lawsuit on behalf of herself and a similarly situated class. Plaintiff alleges that Defendant markets and sells its Private Selection Avocado Oil (Avocado Oil) as pure avocado oil. Dkt. No. 1-1 ¶¶ 1–3. Plaintiff further alleges, based on laboratory test results, that the product is not pure avocado oil and instead

1

contains a mixture of other oils as well. *Id.* ¶ 18. Plaintiff brings six counts against Defendant related to this allegedly false advertisement. Plaintiff asserts numerous times throughout the complaint that she and members of the putative class "would have paid less for the Class Products, or would not have purchased them at all, but for the *Avocado Oil Representation*." *Id.* ¶ 22. Plaintiff seeks restitution and other damages on behalf of the class. *Id.* at 16 (prayer for relief (C)).

Defendant removed this matter under 28 U.S.C. § 1441(a) asserting that this Court has original CAFA jurisdiction under § 1332(d)(2). Dkt. No. 1 ¶ 5. Plaintiff moves to remand this action asserting only that Defendant failed to prove that the amount in controversy exceeds the $5 million threshold.

II.

CAFA generally confers federal jurisdiction over class actions in which the amount in controversy exceeds $5 million and any member of the class is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2). A party removing a case under CAFA bears the burden to demonstrate federal jurisdiction. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006). Because Congress enacted CAFA to facilitate adjudication of certain class actions in federal court, "no antiremoval presumption attends cases invoking CAFA." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). CAFA requires a removing defendant to provide a "short and plain statement of the grounds for removal." *Id.* at 87; 28 U.S.C. § 1446(a). The notice of removal "need include only a plausible allegation that the amount-in-controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89. When a defendant's allegations are challenged either by another party or by the court, the defendant must show by a preponderance of the evidence that the amount in controversy exceeds CAFA's $5 million threshold. *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). In making this showing, Defendant may rely on reasonable assumptions. *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019).

The amount in controversy is determined by including "all relief claimed at the time of removal to which plaintiff would be entitled if she prevails." *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018). Courts determine the propriety of removal "on the basis of the pleadings at the time of removal." *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1277 (9th Cir. 2017).

2

III.

Plaintiff does not challenge that the class contains at least 100 members or that there is minimal diversity.  Plaintiff's sole argument is that Defendant fails to prove by a preponderance of the evidence that the amount in controversy exceeds $5 million.

A.

The complaint generally seeks compensatory damages, punitive damages, and attorneys' fees.  In its notice of removal, Defendant alleges that:  the amount of compensatory damages at issue exceeds $2 million (based on the gross sales of the Avocado Oil over the relevant period); the amount of punitive damages at issue exceeds $2 million (based on an assumed 1:1 ratio with compensatory damages); and the amount of attorneys' fees at issue exceeds $1 million (based on an award of 25% of the common fund).  Dkt. No. 1.  Plaintiff challenges the amount of compensatory damages at issue, asserting that Defendant failed to prove that these damages potentially exceed $2 million.  Dkt. No. 10.  Plaintiff does not challenge the calculations of punitive damages or attorneys' fees, except to the extent that they are based on a purportedly inflated amount of compensatory damages.

As a threshold matter, the Court addresses the proper measure of damages in this case.  Under California's false advertising and unfair competition laws, restitution "must be of a measurable amount to restore to the plaintiff what has been acquired by violations of the statutes."  *Pulaski & Middleman, LLC v. Google, Inc.*, 802 F.3d 979, 988 (9th Cir. 2015) (cleaned up).  That is, restitution is limited to the price premium attributable to the breach.  *See Brazil v. Dole Packaged Foods, LLC*, 660 F. App'x 531, 534 (9th Cir. 2016) (citing *In re Vioxx Class Cases*, 180 Cal. App. 4th 116 (2009)).  The price premium is determined by taking the price paid less "what a purchaser would have paid at the time of purchase had the purchaser received all the information."  *Pulaski*, 802 F.3d at 989.  Where the product turns out to be "worthless" to the purchaser, *id.*, or has "*no value to [the purchaser]*," the price premium may be the entire cost of the product, *see In re Tobacco Cases II*, 240 Cal. App. 4th 779, 795–96 (2015) (emphasis in original).

Plaintiff does not specify in her complaint whether the "adulterated" product she purchased was of any value to her, alleging alternatively that she and the putative class members either would have paid less for the Avocado Oil or would not have purchased it at all.  *See* Dkt. No. 1-1 ¶ 8 ("Had Plaintiff known that the

3

Class Products were adulterated avocado oil, she would not have purchased them, or she would have paid less for them."), ¶ 22 (same), ¶ 56 (same), ¶ 68 (same), ¶ 77 (same). Plaintiff further alleges that she and the putative class members have suffered damages in "the amounts paid for the Class Products." *Id.* ¶ 85. Based on these allegations, Plaintiff claims that the Avocado Oil is—or at least may be—worthless.

The amount in controversy is calculated based on the damages sought, not on the amount the plaintiff likely will recover if she is successful. *See Lewis v. Verizon Commc'ns., Inc.*, 627 F.3d 395, 397 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability."). Here, Plaintiff has alleged, albeit alternatively, that she would not have bought the Avocado Oil had she known it was "adulterated," suggesting that the product was worthless to her and that she is entitled to a full refund. *See In re Tobacco Cases II*, 240 Cal. App. 4th at 796 ("A full refund may be available when the plaintiffs prove the product had no value to them.") (emphasis omitted). Consequently, the full cost of the product may be considered for jurisdictional purposes. *See Turcios v. Carma Lab'ys, Inc.*, No. 12-CV-8487-ABC, 2012 WL 12893989, at *2 (C.D. Cal. Dec. 13, 2012) (finding the full value of the product to be in dispute where the complaint was "somewhat inconsistent" in specifying whether the plaintiff was seeking to recover the full purchase price of the product or the premium price paid for it); *Allred v. Frito-Lay N. Am., Inc.*, No. 17-CV-1345, 2018 WL 1725535, at *2–3 (S.D. Cal. Apr. 10, 2018) (determining that the plaintiffs placed the entire cost of the good in controversy where they stated in the complaint that they "would not have purchased the product in the absence of Defendants' misrepresentations and omissions" and that they "suffered loss in an amount equal to the amounts they paid for the product").[1]

The Court now considers the evidence presented in support of the amount of damages in dispute. In responding to a motion to remand, a removing defendant may submit a declaration or other "summary-judgment-type evidence" to prove the amount in controversy. *See Ibarra*, 775 F.3d at 1197. Defendant provides a declaration from a senior manager, who oversees various food products, including Avocado Oil, stating that Defendant has generated "more than $2,845,000 in sales revenue from the sale of Private Selection Avocado Oil in California brick-and-mortar stores from November 2020 through February 23, 2024." Dkt. No. 14-1 ¶

---

[1] During oral argument, Plaintiff conceded that the intentional misrepresentation claim, as alleged, seeks a full refund of the amount paid for the Avocado Oil.

3.  Plaintiff objects to the declaration on foundational and substantive grounds. *See* Dkt. No. 17 at 6.  The objections are without merit.  The declarant is familiar with Defendant's recordkeeping and states that the records she reviewed are maintained in the ordinary course of business; and the fact that she provides an approximate sales revenue instead of an exact sales revenue does not render her declaration inadmissible.

The compensatory damages in controversy are therefore in excess of $2,845,000.  Assuming an award of punitive damages at a 1:1 ratio (which Plaintiff does not challenge), the amount in controversy exceeds $5 million, even without any consideration of attorneys' fees.  Thus, Defendant has proven by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold.

B.

Plaintiff makes an alternative request for jurisdictional discovery.  Dkt. No. 10-1 at 3.  Jurisdictional discovery is appropriate "where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary."  *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008).  Plaintiff, however, fails to address what facts are reasonably controverted or what additional facts she hopes to uncover of allowed discovery.  Plaintiff's request is therefore denied.

IV.

For the foregoing reasons, Plaintiff's motion to remand and alternative request for jurisdictional discovery are denied.

Date: May 10, 2024

_____
Stanley Blumenfeld, Jr.
United States District Judge

5