**FARUQI & FARUQI, LLP**
Lisa T. Omoto (SBN 303830)
1901 Avenue of the Stars, Suite 1060
Los Angeles, CA 90067
Telephone: (424) 256-2884
Email: lomoto@faruqilaw.com

**THE WAND LAW FIRM, P.C.**
Aubry Wand (SBN 281207)
100 Oceangate, Suite 1200
Long Beach, CA 90802
Telephone: (310) 590-4503
Email: awand@wandlawfirm.com

*Attorneys for Plaintiff and the Putative Class*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| SISSY MCCONNON, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE KROGER CO. a corporation; and DOES 1 through 10, inclusive,<br><br>Defendant. | CASE NO.: 2:24-cv-02601-SB-E<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>Date: June 7, 2024<br>Time: 8:30 a.m.<br>Place: Courtroom 6C<br>350 W 1st Street<br>Los Angeles, CA 90012 |

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

# <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION ................................................................................... 1

II.   LEGAL STANDARD ............................................................................. 1

III.  ARGUMENT ......................................................................................... 2

      A.    Plaintiff's Claims Satisfy the Reasonable Consumer Test .................... 2

      B.    Defendant's Claim-Specific Arguments Lack Merit ............................ 9

            1.    Defendant Has Not, and Cannot, Establish that Plaintiff Lacks
                  Statutory Standing ......................................................................... 9

            2.    Plaintiff Has Stated A Valid Claim for Breach of Implied
                  Warranty ........................................................................................ 10

            3.    Plaintiff Adequately Pleads Defendant's Knowledge of Falsity 10

            4.    Plaintiff Adequately Pleads Claims for Equitable Relief .......... 11

            5.    The Court Should Not Dismiss Plaintiff's Prayer for Punitive
                  Damages ........................................................................................ 14

      C.    Plaintiff Does Not Request that Defendant Substantiate its Product
            Ingredients ................................................................................................ 14

      D.    The Complaint Should Not Be Dismissed With Prejudice ................ 16

IV.   CONCLUSION ................................................................................... 17

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

1

## <u>TABLE OF AUTHORITIES</u>

2

**Cases**                                                                       **Page(s)**

3

*Adams v. Cole Haan, LLC*,

4

   No. 8:20-CV-00913-JWH-DFMx, 2021 WL 4907248

   (C.D. Cal. Mar. 1, 2021)...................................................................................12

5

6

*Adkins v. Apple Inc.*,

   147 F.Supp.3d 913 (N.D. Cal. 2014)...............................................................9

7

*Aloudi v. Intramedic Research Grp., LLC*,

8

   729 Fed. Appx. 514 (9th Cir. 2017) ................................................................5

9

*Ashcroft v. Iqbal*,

10

   556 U.S. 662 (2009) .......................................................................................11

11

*Balistreri v. Pacifica Police Dept.*,

12

   901 F.2d 696 (9th Cir 1988) .............................................................................1

13

*Bell Atl. Corp. v. Twombly*,

14

   550 U.S. 544 (2007) ..........................................................................................1

15

*Brod v. Sioux Honey Ass'n Coop.*,

   927 F.Supp.2d 811 (N.D. Cal. 2013)................................................................8

16

17

*Broomfield v. Craft Brew All., Inc.*,

   No. 17-cv-01027-BLF, 2018 WL 4952519

18

   (N.D. Cal. Sept. 25, 2018) ..............................................................................13

19

*Claiborne v. Church & Dwight Co.*,

20

   No. 3:17-cv-00746-L-JLB, 2017 WL 5256752

   (S.D. Cal. Nov. 13, 2017) ...............................................................................12

21

22

*Clevenger v. Welch Goods, Inc.*,

   No. 23-cv-00127-CJC, 2023 WL 2390630 (C.D. Cal. Mar. 7, 2023).................13

23

24

*In re Clorox Consumer Litig.*,

   894 F.Supp.2d 1224 (N.D. Cal. 2012).............................................................15

25

26

*Comerica Bank v. McDonald*,

   No. C-06-03735 RMW, 2006 WL 3365599

27

   (N.D. Cal. Nov. 17, 2006) ...............................................................................11

28

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

*Concha v. London*,
    62 F.3d 1493 (9th Cir. 1995) ................................................................................ 11

*Davidson v. Kimberly-Clark Corp.*,
    889 F.3d 956 (9th Cir. 2018) ................................................................................ 13

*DCD Programs, Ltd. v. Leighton*,
    833 F.2d 183 (9th Cir. 1987) ................................................................................ 16

*Doe v. SuccessfulMatch.com*,
    70 F.Supp.3d 1066 (N.D. Cal. 2014) ..................................................................... 8

*Ehret v. Uber Techs., Inc.*,
    68 F.Supp.3d 1121 (N.D. Cal. 2014) ..................................................................... 2

*Elias v. Navasartian*,
    No. 1:15-cv-01567, 2017 WL 1013122 (E.D. Cal. Feb. 17, 2017) ..................... 14

*Engalla v. Permanente Medical Grp., Inc.*,
    938 P.2d 903 (Cal. 1997) ....................................................................................... 8

*Figy v. Frito-Lay North America, Inc.*,
    67 F.Supp.3d 1075 (N.D. Cal. 2014) ..................................................................... 7

*Guzman v. Polaris Indus. Inc.*,
    49 F.4th 1308 (9th Cir. 2022) .............................................................................. 13

*Hadley v. Kellogg Sales Co.*,
    324 F.Supp.3d 1084 (N.D. Cal. 2018) ................................................................... 7

*Joseph v. J.M. Smucker Co.*,
    No. CV 17-8735 FMO, 2019 WL 1219708
    (C.D. Cal. Mar. 13, 2019) ................................................................................. 1, 3

*Kanan v. Thinx Inc.*,
    No. CV 20-10341 JVS, 2021 WL 4464200
    (C.D. Cal. June 23, 2021) ................................................................................. 3, 4

*Lazy Y. Ranch Ltd. V. Behrens*,
    546 F.3d 580 (9th Cir. 2008) ................................................................................. 1

*Martin v. Omnit Labs Inc.*,
    No. 2:23-cv-03737-FWS-KES, 2023 WL 8190712
    (C.D. Cal. Oct. 18, 2023) ....................................................................................... 5

*McCrary v. Elations Co.*,
No. EDCV 13–0242 JGB (OPx), 2013 WL 6402217
(C.D. Cal. Apr. 24, 2013) ..................................................................... 2

*McFall v. Perrigo Co.*,
No.  2:20-cv-CV07752-FLA (MRWx), 2021 WL 2327936
(C.D. Cal. Apr. 15, 2021) ................................................................... 12

*Meyer v. Colavita USA Inc.*,
No. 10–61793–CIV–LENARD/O'SULLIVAN, 2011 WL 13216980
(S.D. Fla. Sept. 13, 2011) ..................................................................... 6

*Morgan v. Rohr, Inc.*,
No. 20-cv-574-GPC-AHG, 2023 WL 7713582
(S.D. Cal. Nov. 15, 2023) ................................................................... 13

*Naimi v. Starbucks Corp.*,
798 Fed. Appx. 67 (9th Cir. 2019) ............................................... 4, 5, 7

*Oppenheimer v. Sw. Airlines Co.*,
No. 13-CV-260-IEG (BGS), 2013 WL 3149483
(S.D. Cal. June 17, 2013) ................................................................... 14

*Perea v. Walgreen Co.*,
939 F.Supp.2d 1026 (C.D. Cal. 2013) ............................................... 10

*Polaris Indus. Inc. v. Albright*,
143 S. Ct. 2612 (2023) ....................................................................... 13

*Robinson v. J.M. Smucker Co.*,
No. 18-cv-04654-HSG, 2019 WL 2029069 (N.D. Cal. May 8, 2019) ............ 3, 16

*Saidian v. Krispy Kreme Doughnut Corp.*,
No. 2:16-cv-08338-SVW, 2017 WL 945083
(C.D. Cal. Feb. 27, 2017) ................................................................... 10

*Scheibe v. Performance Enhancing Supplements, LLC*,
No.: 3:23-cv-00219-H-DDL, 2023 WL 3829694
(S.D. Cal. June 5, 2023) ....................................................................... 5

*Shalikar v. Asahi Beer U.S.A., Inc.*,
No. LA CV17-02713 JAK (JPRx), 2017 WL 9362139
(C.D. Cal. Oct. 16, 2017) ..................................................................... 3

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

*Shanks v. Jarrow Formulas, Inc.*,
No. LA CV 18-09437 PA, 2019 WL 7905745
(C.D. Cal. Dec. 27, 2019) ........................................................................ 8

*Shimy v. Wright Med. Tech., Inc.*,
No. 2:14-cv-04541-CAS(RZx), 2014 WL 3694140
(C.D. Cal. July 23, 2014) ....................................................................... 14

*Smith v. Jackson*,
84 F.3d 1213 (9th Cir. 1996) .................................................................. 16

*Sonner v. Premier Nutrition Corp.*,
971 F.3d 834 (9th Cir. 2020) ........................................................... 11, 12

*Svensrud v. Frito-Lay North America, Inc.*,
No. 8:20-cv-00714-JLS-DFM, 2020 WL 8575056
(C.D. Cal. Dec. 21, 2020) ........................................................................ 7

*Swingless Golf Club Corp. v. Taylor*,
679 F.Supp.2d 1060 (N.D. Cal. 2009)..................................................... 11

*Tran v. Sioux Honey Ass'n Coop.*,
471 F Supp.3d 1019 (C.D. Cal. 2020) ...................................................... 8

*Williams v. Gerber Prods. Co.*,
552 F.3d 934 (9th Cir. 2008) ................................................................... 2

*Zeiger v. WellPet LLC*,
No. 3:17-cv-04056- WHO, 2021 WL 756109
(N.D. Cal. Feb. 26, 2021) ...................................................................... 12

**Statutes**

Cal. Bus. & Prof. Code § 17500 ............................................................... 11

Cal. Com. Code § 2314(1) ....................................................................... 10

Cal. Com. Code § 2314(2)(f) .................................................................... 10

Fed. R. Civ. P. 54(c) ............................................................................... 14

-v-

## I.    **INTRODUCTION**

Plaintiff's theory of liability is simple: the labels of Defendant The Kroger Co., Inc.'s ("Defendant") Private Selection brand Avocado Oil are false and deceptive because they unequivocally state that the Product is "Avocado Oil" (and confirm this on the back ingredient list) when, in fact, the Products are not pure avocado oil.  Defendant does not meaningfully dispute that a reasonable consumer would interpret the "Avocado Oil" representation to mean that the Products are "nothing but avocado oil." ECF No. 19 ("MTD") at 1.  Instead, Defendant's opposition principally rests on its disagreement with the alleged facts, *i.e.*, Defendant's unsupported belief that Plaintiff's testing is insufficient. But the Court cannot resolve this factual dispute at the motion to dismiss stage. *See Joseph v. J.M. Smucker Co.*, No. CV 17-8735 FMO (KSx), 2019 WL 1219708, at *3 (C.D. Cal. Mar. 13, 2019) (rejecting defendants' "vigorous[] challenges" to the veracity of plaintiff's consumer survey because "[a]t the motion to dismiss stage, the Court will not weight the evidence pleaded in the complaint, but…will assume its truth."). For this reason, and the reasons set forth below, Defendant's Motion to Dismiss should be denied in its entirety.

## II.    **LEGAL STANDARD**

A complaint should not be dismissed under Federal Rule of Civil Procedure 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir 1988) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Dismissal is only proper where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Id*.  In considering a motion to dismiss for failure to state a claim, the court should accept as true all allegations in the complaint and construe the pleadings in the light most favorable to the plaintiff. *Lazy Y. Ranch Ltd. V. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).  To survive a motion to dismiss, a plaintiff must only allege enough facts to "raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted).

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

## III.   **ARGUMENT**

### A.   **Plaintiff's Claims Satisfy the Reasonable Consumer Test**

Under the UCL, CLRA, and FAL, courts apply the "reasonable consumer" standard to determine whether a representation is false or misleading. *Williams v. Gerber Prods. Co*., 552 F.3d 934, 938 (9th Cir. 2008). Under that standard, at trial, a plaintiff must only show that consumers are likely to be deceived by the representation. *Id*. A reasonable consumer is "neither the most vigilant and suspicious of advertising claims nor the most unwary and unsophisticated, but instead is the ordinary consumer within the target population." *Ehret v. Uber Techs., Inc*., 68 F.Supp.3d 1121, 1137 (N.D. Cal. 2014) (internal quotation marks omitted).

Whether a representation is likely to deceive a reasonable consumer is almost always a question of fact, not appropriate for resolution on a motion to dismiss. *Williams*, 552 F.3d at 938-39. As such, dismissal of false advertising claims is proper only in a "rare situation," where "it [is] impossible for the plaintiff to prove that a reasonable consumer was likely to be deceived." *Id*. at 939 (emphasis added); *McCrary v. Elations Co*., No. EDCV 13–0242 JGB (OPx), 2013 WL 6402217, at *6 (C.D. Cal. Apr. 24, 2013) (denying motion to dismiss on grounds that defendant's "advertising claim[] [did] not make it impossible for the plaintiff to prove that a reasonable consumer was likely to be deceived") (internal quotation marks omitted).

<u>First</u>, Defendant contends that Plaintiff has not plausibly alleged "how any bottle of Avocado Oil, much less the bottle she purchased, is 'not pure avocado oil.'" MTD at 5. This argument merely constitutes a disagreement with the factual allegations in Plaintiff's Complaint, and is not suitable for disposition at the motion to dismiss stage. The Complaint clearly states that before filing this lawsuit, Plaintiff engaged a third-party laboratory to conduct testing of the Products. ECF No. 1-1 (Complaint) ¶18. This testing revealed that the Products are not pure avocado oil, but are instead adulterated. *Id*. Based

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

on this testing, Plaintiff has alleged that Defendant misled and deceived reasonable consumers by labeling the Products as "Avocado Oil," which conveyed the unequivocal (but false) message that the Products are pure avocado oil. *Id.* at ¶¶16-18. "Construing the allegations in the light most favorable to Plaintiff, as the Court must do at the motion to dismiss stage, Plaintiff has stated a plausible claim for an unlawful, unfair, or deceptive business practice." *Robinson v. J.M. Smucker Co.*, No. 18-cv-04654-HSG, 2019 WL 2029069, at *3 (N.D. Cal. May 8, 2019); *see also Joseph*, 2019 WL 1219708, at *3 (finding it immaterial that the complaint did not incorporate details about a survey's methodology); *Shalikar v. Asahi Beer U.S.A., Inc.*, No. LA CV17-02713 JAK (JPRx), 2017 WL 9362139, at *8 (C.D. Cal. Oct. 16, 2017) (rejecting criticisms about the reliability of plaintiff's survey because "any weighing of evidence is inappropriate on a 12(b)(6) motion.").

The *Robinson* case is instructive. There, the plaintiff alleged that she was deceived when she purchased a product labeled "100% Extra Virgin Olive Oil" that did not contain entirely extra virgin olive oil. *Id.* The defendant argued that she failed to state a plausible claim because she relied upon "an unidentified laboratory test." *Robinson*, 2019 WL 2029069, at *3. The court rejected this argument:

> Plaintiff has alleged that she was deceived when she purchased a product labeled '100% Extra Virgin Olive Oil' that did not contain entirely extra virgin olive oil. *See* FAC ¶¶ 2, 14–16. Construing the allegations in the light most favorable to Plaintiff, as the Court must do at the motion to dismiss stage, Plaintiff has stated a plausible claim for an unlawful, unfair, or deceptive business practice. Defendants' objections to the method and sample size of the laboratory testing and comparisons to federal standards are better suited for a later stage of the proceedings. *See Gustavson v. Wrigley Sales Co*., 961 F.Supp.2d 1100, 1131 (N.D. Cal. 2013) (noting that "courts recognize that whether a practice is 'deceptive, fraudulent, or unfair' is generally a question of fact that is not appropriate for resolution on the pleadings").

*Id.*

Similarly, in *Kanan v. Thinx Inc.*, No. CV 20-10341 JVS (JRPx), 2021 WL 4464200, at *4-5 (C.D. Cal. June 23, 2021), the plaintiff alleged that testing revealed the

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

presence of PFAS in Thinkx underwear products. The defendant argued that plaintiff failed to satisfy Rule 9(b)'s heightened pleading requirements because she did not reveal any information about the testing, including the amount or type of PFAS in the products, the style of underwear tested, the standard relied upon for the testing, when the testing was done, or what methods were used. *Id.* at \*4. The court rejected defendant's arguments, concluding that the adequacy of the testing relates to the "merits of Plaintiffs' claims, which is inappropriate at the motion to dismiss stage." *Id.* at \*5. The court further observed that "[a]lthough Plaintiffs are required to allege more under Rule 9(b) than they would be required to allege for a non-fraud based claim, they are not required to prove that they win on the merits at this stage." *Id.*

The Ninth Circuit has also rejected criticisms about the adequacy of pre-litigation testing at the pleading stage. For instance, in *Naimi v. Starbucks Corp.*, 798 Fed. Appx. 67 (9th Cir. 2019), the plaintiffs alleged that the Starbucks "Doubleshot Espresso" label conveyed that each can contains two shots of espresso. According to the complaint, plaintiffs conducted laboratory testing that compared the caffeine content of representative samples of the product to the caffeine content of two shots of espresso. *Id.* at 69. This testing revealed that the difference in *caffeine content* between the covered products and two shots of espresso was statistically significant. *Id.* Based on these findings, plaintiff extrapolated that the products must not have contained two shots of espresso. *Id.* The Ninth Circuit concluded that this extrapolation method (using caffeine content to determine the number of shots of espresso) was acceptable:

> Second, Plaintiffs have plausibly alleged that the canned beverage contains less than two shots of Starbucks brand espresso, thus rendering the label's implied representation false. Plaintiffs conducted laboratory testing that compared the caffeine content of 20 cans of the canned beverage to the caffeine content of 20 samples of two shots of espresso purchased at multiple Starbucks locations. According to the complaint, the tests revealed that, on average, two shots of espresso purchased at a Starbucks café contained 136.3 mg of caffeine, whereas the canned beverage contained only 120 mg of caffeine. Plaintiffs further alleged that, based on an

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

independently conducted statistical analysis, the difference in caffeine content was statistically significant.

These allegations, which must be accepted as true at this stage of the litigation, plausibly suggest that the canned beverage does not contain two shots of Starbucks brand espresso. Plaintiffs contend that caffeine content is a reasonable proxy for quantity of espresso in this context, given that the espresso contained in the canned beverage is represented to be brewed from the same beans used to make the espresso provided in Starbucks cafés.

*Id.*

Here, like in *Robinson*, *Kanan*, and *Naimi*, Defendant's attempt to resolve the sufficiency of the testing referenced in the Complaint is unwarranted at this early stage in the litigation and should be rejected.

The cases cited by Defendant are inapposite. In *Aloudi v. Intramedic Research Grp., LLC*, 729 Fed. Appx. 514, 515 (9th Cir. 2017), the plaintiff failed to identify *any* testing of the product at issue (a purported weight loss pill) to support his allegation that the product could not produce weight loss. Similarly, in *Martin v. Omnit Labs Inc.*, No. 2:23-cv-03737-FWS-KES, 2023 WL 8190712, at *5 (C.D. Cal. Oct. 18, 2023), the plaintiff did not test the product at issue (a supplement claiming to support memory, focus, and cognitive processing speed). Further, although some of the studies tested supplements that shared *some* ingredients with the covered product, the studies' parameters did not analyze participants' memory, focus, or cognitive processing speed, which was the representation at issue. Lastly, in *Scheibe v. Performance Enhancing Supplements, LLC*, No.: 3:23-cv-00219-H-DDL, 2023 WL 3829694, at *1 (S.D. Cal. June 5, 2023), the plaintiff alleged that he tested *some* of the covered products for artificial malic acid, but failed to specify whether all three of the flavor variants were tested. *Id.* at *3-4. This was significant because malic acid, which was an ingredient in all of the covered products, has two forms – one that is naturally occurring and one that is synthetic. *Id.* at *1. Unlike in *Scheibe*, the Products in this case have no flavor variants (or any other differences in ingredients). In sum, in each of the foregoing cases, the plaintiff either failed to conduct any testing, failed to sufficiently tie the testing to the

-5-

covered product, and/or failed to establish a nexus between the testing and the representation at issue in the litigation. The same is not true here. Plaintiff clearly alleged in the Complaint that her investigation included "testing and analysis of the *Class Products* performed by third party laboratories," which show that the "Class Products are not pure avocado oil" as advertised. Compl. ¶ 18 (emphasis added).

Defendant's reliance on *Meyer v. Colavita USA Inc.*, No. 10–61793–CIV–LENARD/O'SULLIVAN, 2011 WL 13216980, at *1 (S.D. Fla. Sept. 13, 2011) is also misplaced. In *Meyer*, the plaintiffs alleged that the defendants' extra virgin olive oil products were "fake." *Id.* Rather than conducting their own laboratory testing, the plaintiffs relied on a study conducted by the University of California at Davis which involved both objective testing (chemical and physical standards) and *highly subjective* testing ("organoleptic" or "sensory" tests). *Id.* The Southern District of Florida court concluded that the plaintiffs' claims were speculative, in part because the UC Davis testing was "somewhat inconclusive." *Id.* at *5. Notably, "some of Defendants' samples passed *both* the objective criteria and more subjective organoleptic criteria as meeting the standards for extra virgin olive oil. Others did not, but based upon failures of the more subjective test." *Id.* In other words, all of the covered products passed the objective test.

Here, unlike in *Meyer*, Plaintiff relies on her own testing and analysis of the Class Products performed by third party laboratories which analyzed purely objective testing, *i.e.*, "the fatty acid and sterol profiles of the Class Products." Compl. ¶ 18. Because Plaintiff's claims rely on the Covered Products' failure to meet chemical and physical standards (which must be accepted as true on a Motion to Dismiss), they are not speculative. Further, even if *Meyer* could be interpreted to require the plaintiff to test the actual bottle that she purchased, the Ninth Circuit has rejected such a requirement.[1] *See*

---

[1] For example, a plaintiff could not test the same product that she consumed under the belief that the product is pure avocado oil.

-6-

*Naimi*, 798 Fed. Appx. 67 (concluding that testing of representative samples of the covered product is adequate at the motion to dismiss stage).

Second, Defendant argues that the Complaint fails to provide sufficient notice of Plaintiff's claims because Defendant does not understand how the Product is "adulterated" or not "pure." MTD at 11-12. However, Plaintiff does not merely state, in a conclusive manner, that the Products are adulterated. Instead, Plaintiff alleges that the products are not pure avocado oil *because* the "fatty acid and sterol profiles" of the Class Products are not consistent with pure avocado oil. Compl. ¶ 18; *contrast with Svensrud v. Frito-Lay North America, Inc*., No. 8:20-cv-00714-JLS-DFM, 2020 WL 8575056, at \*4 (C.D. Cal. Dec. 21, 2020) ("Plaintiff merely alleges, without any further support, that '[i]n fact, cheddar cheese, one of the products [sic] 'distinguishing characterizing flavors,' also contains artificial flavor'"). Further, Defendant cannot credibly claim that the at-issue representation, "Avocado Oil," is comparable to terms such as "All Natural," and "excessive added sugar." *See Figy v. Frito-Lay North America, Inc.*, 67 F.Supp.3d 1075, 1089 (N.D. Cal. 2014) (finding that plaintiffs failed to provide any detail whatsoever about how or why the offending ingredients were "unnatural"); *Hadley v. Kellogg Sales Co.*, 324 F.Supp.3d 1084, 1090 (N.D. Cal. 2018) (Plaintiff alleged that "healthy" labeling was fraudulent due to the presence of "excess[ive] added sugar" but failed to specify the *amount* of added sugar, as opposed to total sugar). As Defendant concedes, this case is straightforward – either the "avocado oil is, in fact, nothing but avocado oil" as Defendant claims in its defense, or it is not. MTD at 1.

Lastly, Defendant's assumption that Plaintiff will be unable to make a showing of materiality is at odds with California law. The California Supreme Court has held that "[a] misrepresentation is judged to be 'material' if 'a reasonable man would attach importance to its existence or nonexistence in determining his choice of action in the transaction in question'…, and as such materiality is generally a question of fact unless the 'fact misrepresented is *so obviously unimportant* that the jury could not

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

reasonably find that a reasonable man would have been influenced by it.'" *Engalla v. Permanente Medical Grp., Inc.*, 938 P.2d 903, 977 (Cal. 1997) (emphasis added); *see also Doe v. SuccessfulMatch.com,* 70 F.Supp.3d 1066, 1081 (N.D. Cal. 2014) ("as a general matter, the 'materiality of a misrepresentation is typically an issue of fact, and therefore should not be decided at the motion to dismiss stage.'") (quoting *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1107 n. 7 (9th Cir. 2013).).  Defendant has not, and cannot, establish at this early stage of the litigation that the "Avocado Oil" representation is "so obviously unimportant that the jury could not reasonably find" that it is material. *Engalla*, 938 P.2d 903 at 977.  Unlike the plaintiff in *Brod v. Sioux Honey Ass'n Coop.*, 927 F.Supp.2d 811 (N.D. Cal. 2013), who provided no indication that the presence or absence of pollen in honey is material to the reasonable consumer, Plaintiff has provided plausible allegations explaining why the "Avocado Oil" Representation[2] is material to consumers.  Specifically, Plaintiff alleges that (a) avocado oil is well-known to be one of the healthiest cooking oils, and (b) consumers reasonably expect to know what type of oil they are consuming. Compl. ¶¶ 19-22.  On these facts, Defendant cannot possibly meet its burden of establishing that the

---

[2] To be clear, the challenged representation is "Avocado Oil," which appears on the consumer-facing label of the Class Products. Plaintiff never alleges that "pure" appears on the label but instead simply contends that the "Avocado Oil" representation conveys the unequivocal message that the Products are pure avocado oil. Compl. ¶ 16; *see also Shanks v. Jarrow Formulas, Inc.*, No. LA CV 18-09437 PA (AFMx), 2019 WL 7905745, at *5 (C.D. Cal. Dec. 27, 2019) (finding it implausible that a consumer would expect coconut oil, which only lists one ingredient on the label, to include anything but coconut oil);*contrast with Tran v. Sioux Honey Ass'n Coop.*, 471 F Supp.3d 1019 (C.D. Cal. 2020) (rejecting defendant's argument, at summary judgment, that a reasonable consumer would expect a honey product labeled as "Pure" and "100% Pure" to *exclude* trace amounts of glyphosate, which can occur as a result of the bees' foraging habits).  Defendant does not dispute this, and in fact implicitly acknowledges that reasonable consumers expect that the "Avocado Oil" "is, in fact, nothing but avocado oil." MTD at 1.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

1    "Avocado Oil" misrepresentation is so obviously unimportant that the jury could not
2    reasonably find that it is material.

3        **B.    Defendant's Claim-Specific Arguments Lack Merit**

4            1.    <u>Defendant Has Not, and Cannot, Establish that Plaintiff Lacks Statutory Standing</u>

5        Defendant argues that Plaintiff cannot demonstrate the requisite economic injury
6    for statutory standing because she does not allege that she tried to return the Product she
7    purchased. MTD at 15.  In support of this argument, Defendant cites the Product images
8    on Paragraph 15 of the Complaint to establish that the label provides "Our Brands.  Our
9    Guarantee.  Love It or Your Money Back." *Id.  However, this purported money-back
10   guarantee does <u>not</u> appear anywhere on the product images*.  Below are the images from
11   Paragraph 15 of the Complaint, which include no language about a refund policy:

 

21   Compl. ¶ 15.

22       Further, even if Defendant did include a money-back guarantee on its label, this is
23   an extraneous fact that cannot be accepted on a motion to dismiss. In any event, such
24   language would not strip consumers of their statutory standing. *See Adkins v. Apple Inc.*,
25   147 F.Supp.3d 913, 919 (N.D. Cal. 2014) ("allowing a seller to rely on a money-back
26   guarantee as a defense to [false advertising] charges would make the false advertising
27   prohibitions of the Act a nullity.  Anything might then be advertised as long as unsatisfied
28   customers were returned their money." (quoting *F.T.C. v. Patron I Corp.*, 33 F.3d 1088,

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

1103 (9th Cir.1994).); *see also Perea v. Walgreen Co.*, 939 F.Supp.2d 1026, 1035 (C.D. Cal. 2013) ("the Court finds unavailing and unsupported by any legal precedent Defendant's argument that Walgreens's 'money-back guarantee' deprives Plaintiff of the ability to allege that she suffered economic injury.").

### 2. Plaintiff Has Stated A Valid Claim for Breach of Implied Warranty

Defendant contends that Plaintiff's breach of implied warranty claim fails because she "does not allege that Kroger's Avocado Oil lacks 'even the most basic degree of fitness for ordinary use,' nor does she allege that the Avocado Oil is not fit for consumption." MTD at 16-17. Not so.

California's implied warranty of merchantability statute provides that "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." Cal. Com. Code § 2314(1). Further, the statute provides that for good to be merchantable, they must "[c]onform to the promises or affirmations of fact made on the container or label if any." Cal. Com. Code § 2314(2)(f); *see also* Compl. ¶73 (citing Cal. Com. Code § 2314(2)(f)). "Although allegations that the product lacks basic fitness for ordinary use are sufficient to state a claim for implied warranty, an implied warranty claim may also be predicated on allegations that the product fails to 'conform to the promises or affirmations of fact made on the container or label if any.'" *Saidian v. Krispy Kreme Doughnut Corp.*, No. 2:16-cv-08338-SVW (AFMx), 2017 WL 945083, at *4 n.3 (C.D. Cal. Feb. 27, 2017) (citing Cal. Comm. Code § 2314(2)(f)).

Here, as discussed above, Plaintiff has plausibly alleged that the Avocado Oil Representation makes (at the very least) an implied promise that the Products are pure avocado oil, and the Products failed to conform with that promise. Compl. ¶ 75. Accordingly, Defendant's challenge to Plaintiff's implied warranty claim is unavailing.

### 3. Plaintiff Adequately Pleads Defendant's Knowledge of Falsity

To state a claim for intentional misrepresentation, it is true that a plaintiff must plead, among other things, actual or constructive knowledge of the falsity of a challenged

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

advertising claim. Cal. Bus. & Prof. Code § 17500 ("known, or which by the exercise of reasonable care should be known"). However, "Rule 9(b)'s heightened pleading requirements do not apply to allegations regarding an accused's state of mind—thus, knowledge need only be alleged *generally* to state a valid claim for fraud." *Swingless Golf Club Corp. v. Taylor*, 679 F.Supp.2d 1060, 1067 (N.D. Cal. 2009); Fed. R. Civ. P. 9(b) ("Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."). This is because, realistically, courts cannot expect a plaintiff to always have insights into a defendant's state of mind, nor are factual allegations supporting a defendant's alleged knowledge necessary to put defendants on notice of the claim. *Concha v. London*, 62 F.3d 1493, 1503 (9th Cir. 1995); *Comerica Bank v. McDonald*, No. C-06-03735 RMW, 2006 WL 3365599, at *2 (N.D. Cal. Nov. 17, 2006) (ruling the requirement for specificity relaxes when the defendant necessarily has full information about the facts or when the facts lie more within the defendant's knowledge); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (Rule 8 does not require "detailed factual allegations").

Here, Plaintiff has sufficiently alleged facts supporting Defendant's actual and constructive knowledge that the Avocado Oil is adulterated. Specifically, Plaintiff alleges not only that Defendant knew or should have known that the "Avocado Oil" claim was false, but also that the "Avocado Oil" claim would mislead reasonable consumers into buying the Avocado Oil believing that they are buying and consuming pure avocado oil. Compl. ¶¶ 54, 83. Plaintiff supports these contentions based on Defendant's deliberate and conspicuous placement of the Avocado Oil claim on the consumer-facing label. *Id.* ¶ 83. As such, Plaintiff has adequately alleged Defendant's knowledge to support her intentional misrepresentation claim.

4.    Plaintiff Adequately Pleads Claims for Equitable Relief

Defendant argues that Plaintiff's equitable claims fail because she has an adequate remedy at law.  Not so.

Courts in this district have held that "barring claims for equitable relief at the pleading stage is inconsistent with the federal rules that permit pleading in the

-11-

alternative." *Adams v. Cole Haan, LLC*, No. 8:20-CV-00913-JWH-DFMx, 2021 WL
4907248, at *4 (C.D. Cal. Mar. 1, 2021) (holding that [*Sonner v. Premier Nutrition
Corp*., 971 F.3d 834, 842-44 (9th Cir. 2020)] does not supersede the Federal Rules'
permission to plead in the alternative, and declining to dismiss equitable restitution
claims brought under California consumer protection statutes as duplicative of plaintiff's
claims seeking damages at law); *see also McFall v. Perrigo Co*., No. 2:20-cv-CV07752-
FLA (MRWx), 2021 WL 2327936, at *14 (C.D. Cal. Apr. 15, 2021) ("*Sonner* did not
hold a plaintiff must choose one form of relief in the complaint and waive the ability to
seek alternative forms of relief. *Sonner* only reiterated the well-known principle a
plaintiff must plead, and eventually show, legal remedies are inadequate for a court to
award equitable remedies, and the *Sonner* court determined the operative complaint had
not adequately pleaded the inadequacy of legal remedies."). Here too, Plaintiff has a
right to plead her claims for equitable relief in the alternative under the Federal Rules.

At the very least, as to Plaintiff's request for injunctive relief specifically, she has
clearly alleged facts demonstrating that an award for damages would not be an adequate
remedy for future harm. Specifically, Plaintiff alleges that Defendant's fraudulent
business acts and practices are ongoing, that she lacks personal knowledge as to the
specific conditions under which Defendant sources, manufactures, and packages the
Products, and that Plaintiff and members of the Classes may be irreparably harmed
and/or denied an effective and complete remedy if injunctive relief is not awarded.
Compl. ¶¶ 9, 10, 38, 46. In the Ninth Circuit, Plaintiff has "standing to pursue an
injunction prohibiting continued false advertising because such relief could restore [her]
trust, thus aiding [her] in making informed purchasing decisions in the future." *Claiborne
v. Church & Dwight Co*., No. 3:17-cv-00746-L-JLB, 2017 WL 5256752, at *3 (S.D. Cal.
Nov. 13, 2017). Plaintiff's allegations of future harm are adequate to support injunctive
relief. *Zeiger v. WellPet LLC*, No. 3:17-cv-04056- WHO, 2021 WL 756109, at *21
(N.D. Cal. Feb. 26, 2021) ("[Plaintiff] has shown that monetary damages for past harm
are an inadequate remedy for the future harm that an injunction under California

-12-

consumer protection law is aimed at. [Plaintiff's] remedy at law, damages, is retrospective. An injunction is prospective. Damages would compensate [Plaintiff] for his past purchases. An injunction would ensure that he (and other consumers) can rely on [defendant's] representations in the future.").

As such, Plaintiff's claims for equitable and injunctive relief are properly pleaded and should not be dismissed. Injunctive relief may be sought where "[p]laintiffs have alleged harm based on their 'inability to rely on the validity of the information advertised . . . in deciding whether or not [they] should purchase the product in the future.'" *Broomfield v. Craft Brew All., Inc*., No. 17-cv-01027-BLF, 2018 WL 4952519, at *8 (N.D. Cal. Sept. 25, 2018) (quoting *Davidson v. Kimberly-Clark Corp*., 889 F.3d 956, 971 (9th Cir. 2018)).

At the very least, Defendant's request to dismiss Plaintiff's equitable claims *with* prejudice at the pleading stage is unsupported by Ninth Circuit law. *See Guzman v. Polaris Indus. Inc*., 49 F.4th 1308, 1313–15 (9th Cir. 2022) (finding that if the district court declines to exercise equitable jurisdiction over a UCL claim, it lacks jurisdiction to make a merits determination as to liability; therefore, the general rule is that the UCL claim should be dismissed *without* prejudice to refiling the same claim in state court), cert. denied sub nom. *Polaris Indus. Inc. v. Albright*, 143 S. Ct. 2612 (2023); *see also Davidson*, 889 F.3d at 970 n.6 (9th Cir. 2018) ("As a general rule, if the district court is confronted with an Article III standing problem in a removed case—whether the claims at issue are state or federal—the proper course is to remand for adjudication in state court.").[3]

---

[3] Where, as here the case was initially filed in state court, remand would be appropriate *if* the court declines to exercise equitable jurisdiction over Plaintiff's UCL and FAL claims (for which equitable relief is the sole remedy). *See Morgan v. Rohr, Inc*., No. 20-cv-574-GPC-AHG, 2023 WL 7713582, at *3-6 (S.D. Cal. Nov. 15, 2023) (remanding UCL claim to state court under *Guzman*) (citing cases); *Clevenger v. Welch Goods, Inc*., No. 23-cv-00127-CJC (JDEx), 2023 WL 2390630,

5.    <u>The Court Should Not Dismiss Plaintiff's Prayer for Punitive Damages</u>

Defendant's request to dismiss Plaintiff's prayer for punitive damages should be rejected because "a request for punitive damages is not a 'claim' and is not the proper subject of a motion to dismiss" under Rule 12(b)(6). *Shimy v. Wright Med. Tech., Inc.*, No. 2:14-cv-04541-CAS(RZx), 2014 WL 3694140, at *4 (C.D. Cal. July 23, 2014); *Oppenheimer v. Sw. Airlines Co.*, No. 13-CV-260-IEG (BGS), 2013 WL 3149483, at *3 (S.D. Cal. June 17, 2013) ("Punitive damages constitute a remedy, not a claim."). "Federal Rule of Civil Procedure 54 underscores the impropriety of dismissing requests for punitive damages under Rule 12(b)(6)." *Elias v. Navasartian*, No. 1:15-cv-01567, 2017 WL 1013122, at *5 (E.D. Cal. Feb. 17, 2017). Under Rule 54(c), the Court may grant appropriate relief at final judgment even if Plaintiff "has not demanded that relief in its pleadings." Fed. R. Civ. P. 54(c). "It thus makes little sense to require detailed factual allegations to support a demand for certain damages when such damages may ultimately be awarded even if they were never pled in the complaint." *Elias*, 2017 WL 1013122, at *5. "Because punitive damages are but a remedy, and thus neither constitutes a claim nor pertains to whether any claim has been stated, requests for punitive damages provide no basis for dismissal" under Rule 12(b)(6). *Oppenheimer*, 2013 WL 3149483, at *4.

Discovery will reveal the identities of any responsible corporate officers, directors, or managing agents who perpetrated, authorized, or knowingly ratified the fraudulent conduct alleged in the Complaint. For the reasons given above, it would be inappropriate to dismiss Plaintiff's prayer for punitive damages. *Elias*, 2017 WL 1013122, at *5; Fed. R. Civ. P. 54(c).

**C.    Plaintiff Does Not Request that Defendant Substantiate its Product Ingredients**

Defendant argues that Plaintiff's allegations "fall[] far short of alleging a plausible

―――――――――――――――

at *1-6 (C.D. Cal. Mar. 7, 2023) (remanding state court case predicated on UCL claim).

-14-

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

theory of falsity. *Absent such allegations*, her lawsuit represents an improper attempt to shift the burden of proof from herself to Kroger by, in effect, demanding that Kroger substantiate its claims." MTD at 21 (emphasis added).  As discussed *supra*, Plaintiff more than adequately alleges, based on  objective scientific testing, that the Products are not pure avocado oil.  Therefore, Plaintiff has met her burden of proving falsity for purposes of a Motion to Dismiss and no burden is being shifted to Defendant.

To be clear, this case is not a lack of substantiation claim.  Plaintiff's allegations are *not* that Defendant's "Avocado Oil" claim is unsubstantiated, but instead that it is *provably false*. *See* Compl. ¶18 ("Based on Plaintiff's investigation, which includes testing and analysis of the Class Products…, the Class Products are not pure avocado oil and are in fact adulterated.  Thus, the claim is false and misleading."); *see also In re Clorox Consumer Litig*., 894 F.Supp.2d 1224, 1231–33 (N.D. Cal. 2012) (rejecting defendant's argument that the "essence" of plaintiff's complaint is that defendant's advertising claims lack substantiation because "Plaintiffs do more than allege that there is no [] scientific evidence to support Clorox's claims; they allege that the competent scientific evidence shows that Clorox's claims are objectively false.").  Defendant improperly attempts to mischaracterize this case by arguing that "after peeling away Ms. McConnon's conclusory and insufficient allegations purporting to state falsity (but failing), this lawsuit is laid bare as nothing more than an improper fishing expedition, designed to force Kroger to substantiate its product labeling." MTD at 20.  This precise argument was rejected in *Robinson*:

> Defendant argues that because Plaintiff's laboratory test should be discarded, Plaintiff's case is barred because it "is nothing more than a lack of substantiation claim," for which there is no private right of action. See Mot. at 13–15. Under California law, there is no private right of action for claims that advertising lacks scientific substantiation. *See Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1094–96 (9th Cir. 2017). But Plaintiff's claim is not that Defendant has failed to substantiate that Crisco EVOO is 100% extra virgin olive oil—rather, she is claiming that her laboratory tests affirmatively demonstrate that Crisco EVOO is not 100% extra virgin olive

-15-

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

oil. Because Plaintiff has not pled a lack of substantiation claim, Kwan does not bar her suit.

*Robinson,* 2019 WL 2029069, at *5.

### D.    The Complaint Should Not Be Dismissed With Prejudice

Defendant's challenges to the sufficiency of the Complaint are misguided and should be rejected.  However, if this Court is inclined to dismiss any of Plaintiff's claims, Plaintiff respectfully requests that the Court do so without prejudice, thereby preserving Plaintiff's ability to amend the pleadings. The Ninth Circuit has noted "on several occasions . . . that the 'Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a), F[ed]. R. Civ. P., by freely granting leave to amend when justice so requires.' . . . Thus '[r]ule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citing *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 765 (9th Cir.1986)).  "A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle her to relief." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996), overruled on other grounds by *Skidmore as Trustee for Randy Craig Wolfe Trust v. Led Zeppelin*, 952 F.3d 1051 (9th Cir. 2020)

Here, Defendant incorrectly contends that Plaintiff "will be unable to cure [any] deficiencies, as the Avocado Oil is in fact avocado oil." MTD at 14.  As discussed above, this is a pure question of fact that cannot be resolved on the pleadings. Further, Plaintiff has tested the Products and determined that the Products are not pure avocado oil. *See* Compl. ¶18; *see also* ECF No. 27 (confirming that Plaintiff has produced the testing referenced in the Complaint to Defendant, which forecloses any doubt by Defendant that such testing "even exists." MTD at 11).[4]

---

[4] If the Court would like to review the testing, Plaintiff will provide it to the Court as well.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion in its entirety.  However, if the Court is inclined to grant part of Defendant's Motion, Plaintiff respectfully requests leave to amend pursuant to Rule 15.

DATED: May 17, 2024                    Respectfully submitted,

**FARUQI & FARUQI LLP**

By: */s/ Lisa T. Omoto*
       Lisa T. Omoto

**THE WAND LAW FIRM, P.C.**
Aubry Wand

*Attorneys for Plaintiff and the Putative Class*

The undersigned, counsel of record for Plaintiff, certifies that this brief contains 5,635 words, which complies with the word limit of L.R. 11-6.1 and the Court's standing order.

*/s/ Lisa T. Omoto*
Lisa T. Omoto

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS