DAVIS WRIGHT TREMAINE LLP
Jacob M. Harper (SBN 259463)
  *jacobharper@dwt.com*
Heather F. Canner (SBN 292837)
  *heathercanner@dwt.com*
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

*Counsel for Defendant*
*The Kroger Co.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| SISSY MCCONNON, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE KROGER CO., a corporation; and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No. 2:24-cv-02601-SB-E<br><br>**DEFENDANT THE KROGER CO.'S REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT**<br><br>[*Declaration of Jacob M. Harper filed concurrently*]<br><br>Assigned to the Hon. Stanley Blumenfeld, Jr.<br>Dept.: Courtroom 6C<br><br>Date: June 7, 2024<br>Time: 8:30 a.m.<br><br>Compl. Filed: February 23, 2024<br>Action Removed: March 29, 2024 |

REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................... 1

II. THE COURT SHOULD DISMISS WITH PREJUDICE. ........................... 3

    A. The Incorporated "Testing" Confirms No Plausibility. ...................... 3

    B. All the Claims Fail Under the Reasonable Consumer Test................. 6

        1. Ms. McConnon Misstates the Pleading Standards.................... 6

        2. Ms. McConnon's Threadbare Allegations Fail to Show *How* or *Why* the Label is Misleading. ........................................ 7

            (a) The "Testing" Allegations Fail Plausibility Standards.................................................................................. 7

            (b) The Allegations Fail to Provide Sufficient Notice. ......... 9

            (c) The Allegations Preclude a Showing of Materiality. .... 10

    C. The Claims Fail for Additional, Claim-Specific Reasons.................. 10

        1. Ms. McConnon's Implied Warranty Claim Fails. ................... 10

        2. Ms. McConnon Fails to Allege the Fraudulent Intent Required for Intentional Misrepresentation. ............................ 11

        3. Ms. McConnon's Claims for Equitable Relief Fail. ................ 11

        4. The Claim For Punitive Damages Is Subject to Dismissal...... 12

        5. Ms. McConnon Lacks Statutory Standing. .............................. 12

    D. This Lawsuit Amounts To an Improper Substantiation Action. ........ 13

    E. The Court Should Dismiss Without Leave To Amend. ..................... 13

i
REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Beasley v. Tootsie Roll Indus., Inc.*,
  85 Cal. App. 5th 901 (2022) ................................................................................ 11

*Buzzed Barbers, LLC v. State Farm Gen. Ins. Co.*,
  2023 WL 4680330 (C.D. Cal. June 28, 2023) ....................................................... 4

*In re Clorox Consumer Litig.*,
  894 F. Supp. 2d 1224 (N.D. Cal. 2012) ............................................................... 13

*Daniels-Hall v. Nat'l Educ. Ass'n*,
  629 F. 3d 992 (9th Cir. 2010) ...................................................................... 3, 6, 8

*Doe v. SuccessfulMatch.com*,
  70 F. Supp. 3d 1066 (N.D. Cal. 2014) ................................................................. 10

*Ebner v. Fresh, Inc.*,
  838 F.3d 958 (9th Cir. 2016) ................................................................................. 7

*Engalla v. Permanente Med. Grp., Inc.*,
  15 Cal.4th 951 (1997) .......................................................................................... 10

*Hadley v. Kellogg Sales Co.*,
  243 F. Supp. 3d 1074 (N.D Cal. 2017) .................................................................. 9

*Hauck v. Advanced Micro Devices, Inc.*,
  2018 WL 5729234 (N.D. Cal. Oct. 29, 2018) ..................................................... 11

*Joseph v. J.M. Smucker Co.*,
  2019 WL 1219708 (N.D. Cal. Mar. 13, 2019) ........................................... 8, 9, 13

*Kamlade v. LEO Pharma, Inc.*,
  2022 WL 358429 (E.D. Cal. Feb. 7, 2022) ......................................................... 11

*Kanan v. Thinx Inc.*,
  2021 WL 4464200 (C.D. Cal. June 23, 2021) ...................................................... 8

*L.A. Unified Sch. Dist. v. S&W Atlas Iron & Metal Co.*,
  506 F. Supp. 3d 1018 (C.D. Cal. 2020) ............................................................... 12

ii
REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Lazo v. Bank of Am., N.A.*,
   2012 WL 1831577 (N.D. Cal. May 18, 2012) .......................................................... 11

*Lazy T Ranch Ltd. v. Behrens*,
   546 F.3d 580 (9th Cir. 2008) ................................................................................... 4

*McCracken v. KSF Acquisition Corp.*,
   2023 WL 5667869 (C.D. Cal. Apr. 4, 2023) ................................................... 11, 12

*Meyer v. Colavita, Inc.*,
   2011 WL 13216980 (S.D. Fla. Sept. 13, 2011) ................................................. 4, 6

*Mocek v. Alfa Leisure, Inc.*,
   114 Cal. App. 4th 402 (2003) ................................................................................ 11

*Moore v. Trader Joe's Co.*,
   4 F.4th 874 (9th Cir. 2021) ..................................................................................... 7

*Naimi v. Starbucks Corp.*,
   798 F. App'x 67 (9th Cir. 2019) ............................................................................. 8

*Pelayo v. Nestle USA, Inc.*,
   989 F. Supp. 2d 973 (C.D. Cal. 2013) .................................................................... 7

*Saidian v. Krispy Kreme Doughnut Corp.*,
   2017 WL 945083 (C.D. Cal. Feb. 27, 2017) ......................................................... 11

*Shalikar v. Asahi Beer U.S.A., Inc.*,
   2017 WL 9362139 (C.D. Cal. Oct. 16, 2017) ......................................................... 9

*Shanks v. Jarrow Formulas, Inc.*,
   2019 WL 7905745 (C.D. Cal. Dec. 17, 2019) ...................................................... 10

*United Parcel Serv., Inc. v. U.S. Postal Serv.*,
   184 F.3d 827 (D.C. Cir. 1999) ................................................................................ 5

*Vista v. Food Exchange, Inc.*,
   2005 WL 2371985 (E.D.N.Y. Sept. 27, 2005) .................................................. 5, 6

*Williams v. Gerber Prods., Co.*,
   552 F.3d 934 (9th Cir. 2008) .................................................................................. 6

**Statutes**

California Commercial Code § 1791.1(a) ............................................................... 10

iii
REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**Rules**

Rule 9(b) ......................................................................................................... 3, 7, 9, 11

**Other Authorities**

J.A. Khan, *Research Methodology* 217–18 (2008) ..................................................... 4

iv
REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## I. INTRODUCTION

As expected, plaintiff Sissy McConnon's Opposition to Kroger's Motion to Dismiss confirms that her pleadings, including her now-produced and incorporated "testing," fail plausibly to allege that Kroger's Private Selection Cold-Pressed Avocado Oil is anything other than cold-pressed avocado oil—as required to state all her claims.

\* \* \*

This case begins, and ends, with the with the six-page "reports" produced by Court order on May 16, which were incorporated by reference into the Complaint (Compl. ¶ 18) but not produced until the day before filing her opposition. Kroger submits the incorporated-by-reference "testing" concurrently for the Court's review. Harper Decl., Exs. 1–4.[1] As expected, these "reports"—the only alleged fact basis for the Complaint—do not show Kroger avocado oil suffers adulteration or mislabeling, as Ms. McConnon repeatedly represented. They comprise, rather, a half-dozen pages of chemical profiles from unspecified oil (not about Kroger avocado oil) failing to identify any methodology for such testing (except for myriad disclaimers about sample weaknesses) and highlighting inconsistency with "proposed" food standards that have not been adopted. ***These incorporated-by-reference documents never state Kroger's avocado oil—much less any oil purchased by Ms. McConnon—is anything but avocado oil.*** They justify dismissal on the pleadings because they show Ms. McConnon's operative allegations rest purely on speculation and innuendo, not plausibility and fact.

Nor *could* such testing support such a conclusion, because:

- ***The Testing Was Not Conducted on Kroger's or McConnon's Oil.***

The "testing" was performed on only two samples of unidentified "oil," and nothing

---

[1] All references to exhibits are to the Declaration of Jacob M. Harper filed concurrently.

1
REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

links the samples to any Kroger product, let alone Ms. McConnon's bottles (Exs. 1–4);

- **The Timing of Purchase and Testing Shows Inapplicability.** Ms. McConnon's counsel tested at least one sample in 2022—10 months *before* Ms. McConnon herself claims to have purchased such an oil (Ex. 1);

- **The Results Themselves Disclaim the Ability to Extrapolate.** The samples contain disclaiming language that they are "not representative" and results apply "only to the specific [unspecified] sample(s) tested" (Exs. 1–2);

- **The Results Themselves Question Sample Genuineness.** The samples were "not verified" or "drawn by" the lab (as noted in the reports themselves), which further undermines applicability to Kroger or Ms. McConnon (*id.*);

- **Conclusions Disconnected From Testing.** A second lab that did "no testing" stated the samples are "inconsistent" with unspecified "*proposed* standards," which means nothing (Exs. 3–4 (emphasis added)); and

- **No Conclusion.** The "testing" ***does not*** conclude the Avocado Oil contains "other oils," as alleged, or anything other than cold-pressed avocado oil.

In short, the "reports" forming the alleged factual basis of the claim that Kroger avocado oil is not actually avocado oil (a) make no such statement, rendering every allegation in the complaint an unsupported conclusion undermined by the very documents those allegations supposedly interpret; and (b) cannot plausibly lead to such an inference, confirming this Complaint merits dismissal, with prejudice.

\*     \*     \*

Even without the benefit of the testing, the pleadings amount to nothing more than the conclusory and insufficient allegations that the avocado oil is not avocado oil because it seems not consistent with some "proposed" standards for avocado oil markers. Rather than explain how her allegations can conceivably state a plausible claim (they cannot), she argues the Court must accept her conclusory allegations as

2
REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

true and cannot undertake any plausibility analysis of her allegations or testing—but as Ninth Circuit authority makes clear, the opposite is true. The correct analysis here leads to one conclusion: Ms. McConnon has not and cannot state a plausible claim for consumer deception, which alone is fatal to all her claims. She also fails to explain how her vague allegations can satisfy Rule 9(b), as she still articulates no real theory of falsity, let alone with particularity, and her "testing" reveals she has none. Having failed to allege what she contends is wrong with the Avocado Oil, she also cannot allege materiality. Her claims should be dismissed with prejudice.

Her claims fail for additional reasons, which she fails meaningfully to address: (1) she fails to state a breach of implied warranty, and her effort to redefine the standard for a breach fails; (2) her claims for equitable relief fail because she alleges an adequate remedy at law, and her reliance on previously rejected precedent does not save her claims; (3) she fails to allege facts to state her punitive damages claims and concedes she lacks any basis to do so; and (4) her claims, at bottom, are improper substantiation claims.

Kroger respectfully requests the Court dismiss the Complaint with prejudice.

## II.   THE COURT SHOULD DISMISS WITH PREJUDICE.

### A.   The Incorporated "Testing" Confirms No Plausibility.

Ms. McConnon has not and cannot plausibly allege consumer deception here. Kroger explained the sole "testing" allegation she relies upon for falsity does not plausibly state consumer deception. (Mot. 8–12.) The "testing" itself, which is now part of the pleadings by incorporation,[2] fails to back up her conclusory allegations, for two distinct reasons.

***First, the testing does not reach the conclusion she alleged***—that the Avocado Oil contains "other oils" or anything other than avocado oil. Courts

---

[2] Ms. McConnon's "testing" constitutes part of the pleadings, as the pleadings "reference" the testing and it is "central to [her] claims." *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F. 3d 992, 998 (9th Cir. 2010).

3
REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

disregard allegations—like Ms. McConnon's "testing" allegations here—"contradicting documents that are referenced in the complaint." *Lazy T Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008); *Buzzed Barbers, LLC v. State Farm Gen. Ins. Co.*, 2023 WL 4680330, at *4 (C.D. Cal. June 28, 2023) (granting motion to dismiss based on incorporated document that "clearly contravene[d] Plaintiffs' allegations"). Ms. McConnon lacks any allegations to plausibly support falsity.

*Second*, the testing *could not* plausibly lead to the conclusion she reaches, because of the hopeless logical gap between the over-the-top flawed "testing" methodology (on the one hand) and the far-reaching and unsupported conclusions she reaches (on the other hand). *E.g.*, J.A. Khan, *Research Methodology* 217–18 (2008) (potential errors in data interpretation include "erroneous inferences" and "unwarranted conclusions," either of which can render the result "unfit for … decision-making"); (Mot. at 8–12, citing *e.g.*, *Meyer v. Colavita, Inc.*, 2011 WL 13216980, at *5 (S.D. Fla. Sept. 13, 2011) (dismissing oil mislabeling claims where cited study did not sufficiently support falsity)). As anticipated in the Motion (8–11), the "testing" documents cannot plausibly support consumer deception here for several reasons:

- **Unidentified "Oil."** One lab ("Lab 1") analyzed one sample of unidentified "oil" to produce a chemical breakdown on two occasions—in 2022 and 2023. ***Nothing in the report links these samples to Ms. McConnon's bottles or any Kroger Avocado Oil.*** Exs. 1–2.[3] The reports thus show that any link between whatever conclusions Ms. McConnon draws here and Kroger or oils she purchased result from pure speculation.

---

[3] Ms. McConnon appears to have disposed of her own bottles; the label pictured in the Complaint is a 17 fl oz-bottle, not the 1-Liter bottles she allegedly purchased. (Compl. ¶¶ 8, 15.)

4
REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

- **Wrong Timing.**  At least one sample reports testing occurred in 2022 (Ex. 1), yet Ms. McConnon claims she purchased her oil in August 2023, months after the testing.  Such testing obviously occurred on something Ms. McConnon never purchased, rendering the test useless and irrelevant to her fact claims.
- **Cannot Extrapolate.**  Lab 1 qualified that the samples were not "representative" of any population and "results" "refer only to the specific sample(s) tested," i.e., *the results cannot be extrapolated to any other bottle of avocado oil*.  Exs. 1–2; *see United Parcel Serv., Inc. v. U.S. Postal Serv.*, 184 F.3d 827, 840 n.14 (D.C. Cir. 1999) ("The validity of a survey's results is undermined if the sample is not representative of the population it purports to represent[.]"); *Vista v. Food Exchange, Inc.*, 2005 WL 2371958, at *7 (E.D.N.Y. Sept. 27, 2005) ("75 is too small a sample to be representative of … potential consumers of Defendant's products, which are distributed nationwide.").
- **Unverified Samples.**  Lab 1 did "not verify" the samples, and "reported [them] as submitted," so they could be any oil from any bottle, or not "oil" at all.  Exs. 1–2.
- **No Chain of Custody.**  The samples "were not drawn by or under the observation of" the Lab 1, meaning no chain of custody was followed.  *Id.*  In other words, *nothing was done to prevent adulteration to the oil after it was removed from the bottle*.
- **No Actual "Testing."**  Months (or more) later, Ms. McConnon's counsel submitted the paper analysis from Lab 1 to another lab ("Lab 2") to analyze.  Lab 2 *did not have access to and conducted "no testing" on the samples*.  Exs. 3–4.

5
REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

- **No Conclusion.** Lab 2 simply read the Lab 1 chemical breakdown and concluded "the results are inconsistent with" some unspecified "proposed standards" of an unspecified type of avocado oil marker (refined? virgin? cold-pressed? unrefined?), which means nothing. *Id.*
- **No Falsity.** Neither report concludes that the Avocado Oil contains "other oils" as Ms. McConnon alleges (Compl. ¶ 18) or that it contains anything other than cold-pressed avocado oil. Exs. 1–4; *see Daniels-Hall*, 629 F. 3d at 998 (exhibits to Complaint control over contradictory allegations).

Neither Ms. McConnon's conclusory "testing" allegation, nor the "testing" itself, provides the factual allegations necessary to plausibly show that her bottle of Cold-Pressed Avocado Oil (or any other bottle) contains anything other than cold-pressed avocado oil. Ms. McConnon concedes courts have dismissed where (as here), the plaintiff "failed to sufficiently tie the testing to the covered product, and/or failed to establish a nexus between the testing and the representation at issue in the litigation." (Opp. 5–6.) This insufficient testing offers even less support for the plaintiff's claims than did testing in *Meyer*, 2011 WL 13216980, at *5, in which the court granted a motion to dismiss claims that olive oils lacked purity based on similarly poor test results that could not allow the plaintiff to "extrapolate." As Ms. McConnon's testing allegations—the sole basis for her falsity claim—likewise fail to carry her claims to the plausibility threshold, her claims all fail.

**B.    All the Claims Fail Under the Reasonable Consumer Test.**

Even without the testing issues, all claims fail because she must (but does not) plead facts to satisfy the reasonable consumer test. (Mot. 5–14.)

**1.    Ms. McConnon Misstates the Pleading Standards.**

For starters, Ms. McConnon misstates the pleading standard, mischaracterizing Ninth Circuit authority to claim dismissal is only appropriate where consumer deception is "impossible." (Opp. 2 (citing *Williams v. Gerber*

6
REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Prods., Co.*, 552 F.3d 934, 938 (9th Cir. 2008)).) Not so. As the Motion details (Mot. 6–7), a plaintiff must plead facts demonstrating "a probability 'that a significant portion of reasonable consumers, acting reasonably in the circumstances, could be misled." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016). Courts thus consistently dismiss mislabeling claims where plaintiff fails to plausibly allege deception "as a matter of law." *E.g.*, *Pelayo v. Nestle USA, Inc.*, 989 F. Supp. 2d 973, 978 (C.D. Cal. 2013) (collecting cases). Ms. McConnon is incorrect in claiming she can state a claim so long as deception is not "impossible" (Opp. 2); the reasonable consumer test is "not [so] negligible [a] burden." *See Moore v. Trader Joe's Co.*, 4 F.4th 874, 882 (9th Cir. 2021).

As she fails to plausibly allege deception "as a matter of law," Ms. McConnon does not raise any question of fact for future resolution as she suggests (Opp. 16)—rather, the time to end this litigation is now.

### 2. Ms. McConnon's Threadbare Allegations Fail to Show *How* or *Why* the Label is Misleading.

Ms. McConnon's claims fail because she (a) does not and cannot plausibly allege falsity; (b) fails to satisfy Rule 9(b); and (c) does not allege materiality. (Mot. 8–13.) Her Opposition fails to overcome these fatal defects.

#### (a) The "Testing" Allegations Fail Plausibility Standards.

Kroger explained that Ms. McConnon's vague allegations fail plausibly to demonstrate falsity, as they amount to nothing more than a threadbare assertion that the avocado oil is not avocado oil because it is not avocado oil. (Mot. 8–11.) Ms. McConnon does not even attempt to explain how she has plausibly alleged falsity, but instead claims the Court must blindly accept her conclusory testing allegations as true and may not conduct a plausibility analysis of those allegations or her "testing" at all, which is incorrect. (Opp. 2–7.)

7
REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

As an initial matter, courts do not accept as true "conclusory" allegations couched as fact or "unwarranted deductions of fact"—like Ms. McConnon's vague falsity allegations here. *See Daniels-Hall*, 629 F.3d at 998.

Moreover, courts can and do analyze testing allegations and incorporated testing results in evaluating whether a plaintiff plausibly alleged consumer deception. (Mot. 8–12.) Ms. McConnon's own cited case, *Naimi v. Starbucks Corp.*, 798 F. App'x 67, 69 (9th Cir. 2019), confirms as much. In *Naimi*, the Ninth Circuit, when evaluating whether the disputed beverage contained the promised amount of caffeine, went into detail analyzing the plaintiff's alleged "laboratory testing" of the beverage's caffeine content—including the "20 samples" tested, the specific results, plaintiff's explanation for why the testing method was appropriate, and the alleged separate analysis showing the difference in caffeine content was "statistically significant"—to determine plaintiff "plausibly" alleged falsity. 798 F. App'x at 69; (Opp. 4–5). The Court should undertake the same analysis here, which leads to one conclusion: no plausible falsity. (Mot. 8–12.)

Ms. McConnon's cited cases further demonstrate her shortcomings, because the plaintiffs there, unlike here, alleged specific details regarding how the label was false. Opp. 3–5; *Joseph v. J.M. Smucker Co.*, 2019 WL 1219708, at *1–2 (N.D. Cal. Mar. 13, 2019) (labels promising "100% Extra Virgin Olive Oil" and "100% Canola Oil" plausibly deceptive because products contained "soy lecithin, dimethyl silicone, and propellant"); *Kanan v. Thinx Inc.*, 2021 WL 4464200, at *1, 4–5 (C.D. Cal. June 23, 2021) (explaining product contains "short-chain PFAS chemicals [] at material and above trace amounts" despite representations it was "free of harmful chemicals" with detailed allegations explaining why PFAs are harmful).

Her cases are also inapposite because the courts, unlike here, did not have the "testing" before it, which here, reveals the absence of any plausible basis to conclude the label was materially false. Opp. 3–5, citing, e.g., *Robinson v. J.M. Smucker Co.*, 2019 WL 2029069, at *3–4 (N.D. Ca. May 8, 2019) (holding plaintiff

8
REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

sufficiently alleged falsity of "100% Extra Virgin Olive Oil" label statement).[4] Further, several of her cases discuss consumer "survey[s]," not scientific testing, and are inapplicable. *E.g.*, *Shalikar v. Asahi Beer U.S.A., Inc.*, 2017 WL 9362139, at *8 (C.D. Cal. Oct. 16, 2017).

In short, Kroger does not seek to litigate the "merits" of the case as Ms. McConnon contends (Opp. 4), but rather only whether her allegations are sufficient to state a plausible claim of consumer deception. She fails to do so.

### (b) The Allegations Fail to Provide Sufficient Notice.

Ms. McConnon's allegations also fail to satisfy Rule 9(b). (Mot. 11–13.) She fails to allege with particularity why or how the Cold-Pressed Avocado Oil is not cold-pressed avocado oil. (*Id.*, citing e.g., *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1099 (N.D Cal. 2017)). She responds by trying to write new allegations into her Complaint—that "the 'fatty acid and sterol profiles' … are not consistent with pure avocado oil"—which in any case is still insufficient. (Opp. 7 (citing Compl. ¶ 18).) Kroger is *still* left guessing at what that means—what is in the avocado oil other than avocado oil that renders it not avocado oil? How is the label false? Ms. McConnon cites no authority to support her threadbare allegations. Nor does she address Kroger's cited authority, which establishes she must provide far more to satisfy Rule 9(b). (Mot. at 11–12 (citing cases).)

---

[4] Kroger also respectfully posits that *Robinson* was incorrectly decided on consumer deception, particularly as to Rule 9(b). The court there held the allegations were sufficient under Rule 9(b), despite plaintiff not providing or alleging testing results, and even though the court apparently acknowledged the defendant could not prepare its defense without that information. *See Robinson*, 2019 WL 2029069, at *4 (noting plaintiff would "soon be required to disclose the testing results upon which her allegations are based so that Defendant can prepare its defense"). Also, the label statement in *Robinson*—that a product is "100% Extra Virgin Olive Oil"— is distinguishable and involves a different showing than a statement that a product is "Cold-Pressed Avocado Oil."

9
REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Ms. McConnon's persistent inability to articulate her theory of falsity, let alone with any semblance of particularity, makes clear she has none.

### (c) The Allegations Preclude a Showing of Materiality.

Ms. McConnon's claims fail for the additional reason that she does not allege materiality. (Mot. 13–14.) In response, Ms. McConnon invokes an irrelevant state court opinion evaluating materiality evidence under a "summary judgment-like" standard. (Opp. 7–8, citing *Engalla v. Permanente Med. Grp., Inc.*, 15 Cal.4th 951, 977 (1997).)[5] She attacks a strawman, contending Kroger argued she will be unable to *prove* materiality (Opp. 7); as a result, she neglects to address Kroger's actual argument: that because she does not allege how the oil is purportedly "adulterated," she fails to allege how it materially differed from consumer expectations. (Mot. 13–14.) She fails to address nearly all of Kroger's cited cases, and instead admits courts have dismissed where (as here) a plaintiff "provided no indication that the presence or absence of [an additional ingredient] is material." (Opp. 8; Mot. 13–14 (citing cases).) Her claims fail for the same reason here.

### C. The Claims Fail for Additional, Claim-Specific Reasons.

#### 1. Ms. McConnon's Implied Warranty Claim Fails.

Ms. McConnon's implied warranty claim fails because she does not and cannot plead that her avocado oil was not fit for consumption. (Mot. 16–17.)

Ms. McConnon concedes she does not plead this key allegation, but instead contends the implied warranty statute, Cal. Comm. Code § 1791.1(a), provides *other* bases for the claim. (Opp. 10.) Yet notwithstanding the statute's other provisions, California courts interpreting the statute have made clear the implied

---

[5] Her other cited cases are also inapposite. Opp. 8, citing *Doe v. SuccessfulMatch.com*, 70 F. Supp. 3d 1066, 1081 (N.D. Cal. 2014) (defendant did not dispute materiality); *Shanks v. Jarrow Formulas, Inc.*, 2019 WL 7905745, at *5 (C.D. Cal. Dec. 17, 2019) (summary judgment).

10
REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

warranty is meant to set a bare minimum for products: that they "did not possess even the most basic degree of fitness for ordinary use." *Mocek v. Alfa Leisure, Inc.*, 114 Cal. App. 4th 402, 406 (2003); *Beasley v. Tootsie Roll Indus., Inc.*, 85 Cal. App. 5th 901, 924 (2022) (same). Numerous district courts rely on these authorities for that proposition. *E.g., Kamlade v. LEO Pharma, Inc.*, 2022 WL 358429, at *3 (E.D. Cal. Feb. 7, 2022) (citing *Mocek*); *Hauck v. Advanced Micro Devices, Inc.*, 2018 WL 5729234, at *8 (N.D. Cal. Oct. 29, 2018) (same). Ms. McConnon's only cited case is irrelevant, as the defendant there failed to "explain why" the plaintiff had to plead the product was not fit for ordinary use. *Saidian v. Krispy Kreme Doughnut Corp.*, 2017 WL 945083, at *4 n.3 (C.D. Cal. Feb. 27, 2017); (Opp. 10). The Court should dismiss the claim.

### 2. Ms. McConnon Fails to Allege the Fraudulent Intent Required for Intentional Misrepresentation.

Ms. McConnon's intentional misrepresentation claim also fails because she does not sufficiently plead fraudulent intent. (Mot. 17–18.)

In response, Ms. McConnon simply recites the unremarkable principle that Rule 9(b) does not apply to defendant's intent. (Opp. 10–11.) She cites no cases, however, to support her contention that her conclusory and contradictory allegations are sufficient to allege intent. (*See* Opp. 11; Mot. 17–18.) As Kroger's cited cases establish (which she fails to address), they are not. As she fails to allege "specific facts to suggest" Kroger had fraudulent intent, her claim fails. *See Lazo v. Bank of Am., N.A.*, 2012 WL 1831577, at *9 (N.D. Cal. May 18, 2012); (Mot. 17–18).

### 3. Ms. McConnon's Claims for Equitable Relief Fail.

Ms. McConnon's claims for equitable relief fail because she has an adequate legal remedy. (Mot. 18–19.)

Ms. McConnon incorrectly contends she has a right to plead inconsistent equitable remedies under the federal rules. (Opp. 11–12.) This Court has already rejected her cited authority as "unpersuasive." *See McCracken v. KSF Acquisition*

11
REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Corp.*, 2023 WL 5667869, at *7–8 (C.D. Cal. Apr. 4, 2023) (Blumenfeld, J.). As in *McCracken*, Ms. McConnon "does not identify any possible—much less plausible—scenario in which she would prevail on her claims and be entitled to restitution or disgorgement but would not be entitled to damages." *Id.*

Ms. McConnon also contends she has no legal remedy for injunctive relief. (Opp. 12.) All but one of her cases on this point predate *Sonner*. In any case, she admits she does not plan to repurchase Kroger's avocado oil. (Compl. ¶ 9 ("Plaintiff will for the time being refrain from" purchasing Kroger avocado oil").) She fails to allege any basis for injunctive relief, or any prospective harm at all.

The Court should dismiss her claims for equitable relief. (Opp. 13 ("the general rule is that the UCL claim should be dismissed without prejudice").)

### 4. The Claim For Punitive Damages Is Subject to Dismissal.

Ms. McConnon fails to state the facts required for her punitive damages claim. (Mot. 19.) Ms. McConnon concedes she fails to allege such facts and admits she lacks the basis to do so. (Opp. 14 ("[d]iscovery will reveal the identities of any responsible corporate officers, directors, or managing agents[.]").) She contends courts cannot dismiss claims for punitive damages, but ignores and fails to distinguish Kroger's numerous cited cases where courts do just that. (Mot. 19 (citing cases)); *L.A. Unified Sch. Dist. v. S&W Atlas Iron & Metal Co.*, 506 F. Supp. 3d 1018, 1032 (C.D. Cal. 2020) (Blumenfeld, J.) (dismissing on this basis). The Court should follow suit and dismiss Ms. McConnon's admittedly baseless punitive damages claim.

### 5. Ms. McConnon Lacks Statutory Standing.

Kroger explained that Ms. McConnon lacks statutory standing because she failed to allege that she attempted to return her bottles. (Mot. 14–16.) She argues the label depicted in her Complaint contains no "money back" statement. (Opp. 9–10.) The depicted label, however, is from a 17 fl oz-bottle, not the 1-Liter bottles she allegedly purchased. (Compl. ¶¶ 8, 15.) Because the Complaint does not

12
REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

contain a picture of the bottles she allegedly purchased (which presumably do contain the money-back statement), Kroger withdraws this ground for dismissal, and reserves its right to raise it in the future (in the unlikely event this case survives this Motion).

### D. This Lawsuit Amounts To an Improper Substantiation Action.

Ms. McConnon's lawsuit should also be dismissed as an improper substantiation claim. (Mot. 20–21.) She contends that because she sufficiently alleged falsity, her claim is not an improper attempt to force Kroger to substantiate its label statement. (Opp. 15–16.) She does not dispute, however, that "absent such allegations" of falsity, the claims would constitute prohibited substantiation claims. (*Id.*) As detailed *supra*, she lacks those very allegations. Ms. McConnon's cited cases confirm a plaintiff must do more to allege falsity than she has done here. *In re Clorox Consumer Litig.*, 894 F. Supp. 2d 1224, 1232 (N.D. Cal. 2012) (plaintiffs pleaded specific results of several studies); *supra* 9 & n.4 (discussing *Robinson*, 2019 WL 2029069, at *3). Without these allegations, Ms. McConnon effectively demands that Kroger substantiate its labeling; such claims are barred.

### E. The Court Should Dismiss Without Leave To Amend.

Ms. McConnon asks for leave to amend, but provides no basis to plausibly amend her claims. (Opp. 16; Mot. 21.) As detailed *supra*, her "testing" establishes she cannot. Kroger respectfully requests the Court dismiss with prejudice.

Dated: May 24, 2024                    DAVIS WRIGHT TREMAINE LLP

By: */s/ Jacob M. Harper*
    Jacob M. Harper

*Attorneys for Defendant
Ralphs Grocery Company*

13
REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## **CERTIFICATION**

The undersigned counsel of record for Ralphs Grocery Company, certifies that this brief contains 3,992 words, which complies with the word limit of L.R. 11-6.1 and Section 6.c.i of Judge Stanley Blumenfeld, Jr.'s Standing Order.

 /s/ *Jacob M. Harper*

1

REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899